(No. 12661.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GALE ALLEN, Plaintiff in Error.

*Opinion filed June 18, 1919—Rehearing denied October 10, 1919.*

1. CRIMINAL LAW—*when question of admissibility of complaint of prosecutrix is waived.* In reviewing a prosecution for rape, any question of the admissibility of the testimony of the prosecuting witness as to her complaint made seven months after the alleged assault is waived where the record does not show any objection to such testimony, although an objection was made and overruled when the question was afterwards asked of the girl's mother.

2. SAME—*when evidence of unchastity of prosecutrix is admissible.* Where the defense to a charge of forcible rape is consent and the woman is of the age of consent, evidence of her reputation for unchastity is competent as bearing on the probability of her consent, but the evidence must be confined to her general reputation before the act charged.

3. SAME—*when there is no abuse of discretion in sentencing a defendant to penitentiary rather than to reformatory.* Under the Parole law of 1917 there is no abuse of discretion in sentencing a defendant twenty years of age to the penitentiary for the crime of rape instead of to the reformatory, where the matter was not presented to the trial court or any facts shown to influence the exercise of its discretion.

THOMPSON, J., dissenting.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. CHARLES H. MILLER, Judge, presiding.

WILLIAM H. GREEN, and CONRAD SCHUL, (NOLEMAN & SMITH, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, FRANK G. THOMPSON, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The writ of error in this case is prosecuted to reverse the conviction and sentence of the plaintiff in error, Gale

Allen, in the circuit court of Jefferson county, for the crime of rape committed upon the person of Elsie Dalby.

Gale Allen, plaintiff in error, lived with his parents·on a farm in Elk Prairie, in Jefferson county, and Elsie Dalby lived with her parents on a farm five or six miles from the home of the plaintiff in error. They had.been at school together when children but had not met for several years, when on Sunday, July 23, 1916, he drove to her home in a buggy and at his invitation she went with him to the town of Bonnie, a small village four or five miles east of her home. They left her home about 5:30 in the afternoon, and, after driving around Bonnie and having some discussion about going to church, they left Bonnie about sundown and drove back to her home. She testified that about halfway between Bonnie and her home the act was committed by him in the buggy, forcibly and against her will, and that she resisted as long as she could and tried to bite him and kicked and scratched him until she suffered a physical collapse and lost consciousness. He denied that the act was committed either forcibly or by consent or that there was ever at any time or place any such relation between them. His parents testified that when he came home he did not bear any marks, bruises or scratches and none were observable the next morning. As to the fact of an improper relation having existed at other times by consent, there was testimony of witnesses of conversations with the plaintiff in error inconsistent with his testimony, and also testimony of a brother of Elsie Dalby of a remark by plaintiff in error to her inconsistent with his story in that respect and resulting in a proposition for a fight. These statements were denied by plaintiff in error, but it is apparent that the conclusion of the jury rested on the credibility of the witnesses. The jury being convinced that Elsie Dalby told the truth and the trial court having concurred in that conclusion, the judgment cannot be reversed because it is not based on sufficient evidence.

Elsie Dalby testified that the plaintiff in error, after the alleged assault, kept her in the buggy, told her to keep her mouth shut and made serious threats of violence if she did not. She said that she made complaint to her father and mother in February, 1917, when her condition became such that she could not avoid it, and that she did not make complaint before for fear of plaintiff in error. It is contended that it was error to permit her to testify to her complaint about seven months after the alleged assault, but the abstract of the record does not show any objection to the testimony. An objection was afterward made when the question was asked of the mother and it was then overruled, but the fact had already been proved without objection and any question about it had been waived.

As a reason for not sooner complaining of the alleged assault, Elsie Dalby testified to the threats of plaintiff in error, and three members of the grand jury testified that in her examination before that body she said plaintiff in error did not make threats, and one of them said that she answered that he did not hurt her in the scuffle. She denied that she made any such statements before the grand jury. The question whether the excuse for not making immediate complaint was sufficient was for the jury.

It is also urged that evidence of the birth of a child was prejudicial and should not have been admitted, but here, again, the abstract shows no objection to the evidence.

There was a motion for a new trial based on affidavits of various persons of specific acts of unchastity by the witnesses with Elsie Dalby, and counter-affidavits. Where the defense to a charge of forcible rape is consent and the woman is of the age of consent, evidence of her bad character for chastity is competent as bearing on the probability of her consent to the act with which the defendant is charged, because it is more probable that an unchaste woman assented to such an act than a virtuous woman. Whether such evidence is admissible where the defendant

denies the commission óf the act is not now considered, but in any case it must be confined to general reputation before the act charged. (*Shirwin* v. *People,* 69 Ill. 55; 22 R. C. L. 1208; 33 Cyc. 1478.) Most of the alleged acts were subsequent to July 23, 1916, and while the affidavits were contradicted, none of them would have been admissible in evidence upon another trial and the overruling of the motion was not error.

It is argued that the court erred in giving instructions 1, 2, 5, 9 and 12 at the instance of the People and in refusing instruction 31 offered by the defendant. There was no error in ruling on those instructions, and the instructions, considered as a series, were as favorable to the defendant as the law would permit.

Although the abstract does not contain the verdict or sentence, there was testimony that the plaintiff in error was twenty years old, and counsel on both sides say that he was sentenced to the penitentiary for a term of two years. It is insisted that the court abused its discretion in sentencing the defendant to the penitentiary instead of the State reformatory. This, of course, concedes that the character of the sentence was to be governed by the Parole law of 1917, in force at the time of the trial, which gives to the court discretion to sentence every male person between the ages of sixteen and twenty-six years (except in capital cases) to the reformatory instead of the penitentiary. It does not appear that the question was presented in any manner to the court or any facts brought to light to influence the exercise of the discretion. This court cannot say that there was an abuse of discretion in sentencing the defendant to the penitentiary for the crime of which he was convicted.

The judgment is affirmed.      *Judgment affirmed.*

Mr. Justice Thompson, dissenting.