(No. 36772.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES IRWIN (otherwise called J. E. HICKMAN), Appellant.

*Opinion filed March 18, 1965.—Modified on denial of rehearing May 19, 1965.*

PAUL A. GOLD, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and KENNETH L. GILLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant was convicted of burglary after a jury trial held in the then criminal court of Cook County and sentenced to a term of not less than 10 nor more than 20 years in the penitentiary. He prosecutes this appeal from the conviction, alleging that certain constitutional infirmities warrant a reversal.

The testimony indicates that the Bower Photocopy Service in Chicago was broken into sometime between November 25 and November 27, 1959. Missing from the store on the latter date were a checkwriter, artists' materials, an air brush, 35 checks marked "Bower Photocopy Company" and numerous other items. Roy Barsema testified that he found some of the above items on January 25, 1960, in a shopping bag in his yard at Round Lake, Illinois, and that defendant lived temporarily at his home for about two weeks in January, 1960. The found articles were transferred to the police and subsequently were used in confronting defendant.

Several Chicago police officers testified that on January 26, 1960, defendant readily admitted burglarizing the Bower Company. They testified that defendant said he and a man named "Frank" broke into the store and took the above mentioned items. Evelyn Manson testified that defendant, known to her as "J. E. Hickman", cashed one of the stolen checks for $40 payable to that name and signed Richard K. Bower. Mr. Bower's middle initial was shown to be "G", not "K", and Bower testified that the signature on the check was not his.

The defendant, the only witness for the defense during the trial, testified that he did not burglarize the store, stating that he was with friends on November 26, 1959, until 2 :00 A.M. on the 27th and was not at the store. He testified that the only reason he confessed was because the police threatened to "put his wife in jail" and that he feared for her safety.

In order to corroborate his alibi, defendant sought to have his wife and stepson testify. The trial court allowed him to make several phone calls, and issued subpoenas to insure the wife's and stepson's appearance. Three unsuccessful attempts to serve the subpoenas were made, and the trial was concluded without these prospective witnesses.

Prior to the denial of the motion for a new trial and during the argument thereon, defendant's wife testified that she had hurt her ankle and had gone to a friend's house on the days the subpoenas were attempted to be served. She said she did not know of the pendency of the trial, and steadfastly maintained her husband's innocence, corroborating his alibi. However, defendant's wife had visited the defendant in jail and had admittedly discussed the trial with him, both before and after its occurrence, and the refusal to grant a new trial on this ground was not error.

Since the only ground set forth in defendant's motion for new trial was the alleged denial of his right to have witnesses called in his behalf, and since he did not raise any of the questions sought to be advanced here in his written motion for a new trial, they are deemed waived. (*People* v. *Greer,* 30 Ill.2d 415, 417; *People* v. *Gratton,* 28 Ill.2d 450.) The purpose of this rule is apparent. Requiring defendant's written motion for a new trial to specify the errors allegedly entitling him to a new trial may save the delay and expense inherent in an appeal in those instances where the motion is meritorious. Additionally, it focuses the attention of the trial judge upon those aspects of the proceedings of which the defendant complains, and gives to the reviewing court

the benefit of the judgment and observations of the trial court with reference thereto. In short, we believe this waiver rule a salutary one serving a legitimate State interest in that it tends to eliminate unnecessary reviews and reversals.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

On petition for rehearing defendant calls attention to his oral motion in arrest of judgment, made in addition to his written motion for a new trial, and argues that since the State's objection to the oral motion was overruled, all errors appearing in the record were thereby preserved for review. He relies upon *People v. Prohaska,* 8 Ill.2d 579; *People v. Goldberg,* 287 Ill. 238, and *Henning v. Sampsell,* 236 Ill. 375, which state in substance that a nonspecific oral motion in arrest of judgment preserves for review *every proper ground for arrest of judgment* appearing in the record. Defendant is therefore entitled to review of all errors reachable by a motion in arrest, but he misconceives the scope thereof. As said in *Henning,* (p. 382) : "A motion in arrest of judgment is based on the record proper, and in considering such a motion the court does not look into the evidence." This has been the historic function of the motion in arrest, errors based upon evidence, instructions and rulings being challenged by a motion for a new trial. That this distinction prevails was recognized by defendant's trial court action in making separate motions for a new trial and in arrest of judgment. Nor was language in our Rule 27(8), (28 Ill.2d xxii), abolishing distinctions between the common-law record and the report of proceedings for the purpose of determining what is properly before the reviewing court, and providing that all matters in the transcript of the trial court record actually before the reviewing court may be considered for all purposes, designed to eliminate the limita-

tions as to matters properly reviewable on a motion in arrest of judgment. That language was aimed at the problems in cases such as *People* v. *Reese,* 355 Ill. 562; *People* v. *Bertrand,* 385 Ill. 289; *People* v. *Tielke,* 259 Ill. 88 and *People* v. *Ellsworth,* 261 Ill. 275, where appeals were on the common-law record alone, but the trial court clerk erroneously incorporated therein material properly includable only in a bill of exceptions. Errors based upon such wrongfully, but actually, included matters were held not properly before the reviewing court. The existence of the separate functions of the motions is further evidenced by the fact that in enacting the 1963 Code of Criminal Procedure, (Ill. Rev. Stat. 1963, chap. 38, pars. 100—1 to 126—1,) the General Assembly in article 116 specifically preserved the separate motions for a new trial and in arrest of judgment, and the distinctions inherent therein, by restricting the allowance of the latter to those cases wherein "(1) The indictment, information or complaint does not state an offense, or (2) The court is without jurisdiction of the cause.", thereby codifying prior procedure. See Committee Comments following article 116, S.H.A. chap. 38, par. 116—2.

It is thus apparent that the alleged errors now sought to be raised (admissibility of confession, improper cross-examination and prejudicial argument), which were not contained in the original written motion for a new trial, all require reference to the evidence for their resolution and were not embraced within the scope of the oral motion in arrest of judgment made in the trial court. The fact that objections to the motion were overruled does not preserve for review that which was never included therein.

We accordingly adhere to our original opinion.