THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY DIXON, a/k/a RUFFIN DIXON, Defendant-Appellant.

(No. 56090;

First District (2nd Division)—March 27, 1973.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant, Henry Dixon, was charged with murder. At trial it was uncontradicted that he shot and killed decedent; defendant asserted self-defense as a justification for the shooting. A jury returned a verdict of guilty, and the trial court sentenced defendant to a term of 20-50 years in the Illinois State Penitentiary. Defendant appeals his conviction and presents these issues for our review:

1. Whether the trial court erroneously admitted into evidence prejudicial hearsay testimony;

2. Whether the trial court improperly allowed the prosecution to impeach a defense witness as to a collateral matter by use of extrinsic evidence; and

3. Whether the trial court improperly refused to allow defendant to testify as to his state of mind at the time of the shooting.

The evidence adduced at trial indicates that on November 23, 1969, at approximately 10:45 P.M., defendant shot and killed decedent in a West Side tavern. Decedent's girl friend testified that defendant and decedent argued over defendant's girl friend, and decedent left the

tavern. A few minutes later defendant left. Soon after, decedent returned, and was standing with the witness and other friends at the rear of the tavern. Defendant re-entered, and, from midway in the tavern, pulled a gun and fired 3 shots. Defendant's girl friend also testified that there had been an argument, but that she did not see defendant re-enter and shoot. She, too, was standing next to decedent in the rear of the tavern. She did, however, see defendant move toward the door after the shots were fired. A third witness testified that she did not see the argument, but she did see defendant shoot toward decedent from midway in the tavern. None of these witnesses saw a knife in decedent's hand, although one witness did testify that decedent's right hand was in his coat pocket. The owner of the tavern testified that when the police took decedent's right hand out of his coat pocket, decedent was holding a knife. There was no testimony that the body had been moved.

Witnesses for defendant testified that decedent's reputation in the community for peacefulness was bad, and that defendant shot decedent when he approached defendant with a knife. One witness testified that decedent approached defendant, and when they were at arm's length apart, decedent pulled a knife and defendant then shot him. Another witness said that decedent put a knife in his pocket and put his hand in his pocket, but that he did not see him take his hand from his pocket. A third witness testified that decedent approached defendant with his right arm extended and with a knife in his right hand. One of these witnesses testified that defendant and decedent were standing near the front of the tavern when the shooting occurred, while two witnesses testified that the shooting occurred at the rear of the tavern.

Defendant testified that decedent threatened to cut his head off earlier in the evening, then he shot decedent when decedent came at him with a knife. He testified that the shooting occurred near the front of the tavern, and, when he first saw the knife, he shot over decedent's head.

*OPINION*

■■ The issues which defendant presents on appeal were not raised in his written motion for a new trial. The motion for a new trial related only to questions of guilt beyond a reasonable doubt and the foundation for the introduction of certain physical evidence. Since the issues in this appeal were not properly preserved, they are deemed waived. (*People v. Irwin*, 32 Ill.2d 441, 207 N.E.2d 76; *People v. Jackson*, 4 Ill.App.3d 698, 281 N.E.2d 373.) However, even upon consideration of these alleged errors, defendant has presented no adequate grounds for reversal, and the evidence was sufficient to prove defendant guilty beyond a reasonable doubt.

■■ Defendant first contends that the trial court improperly admitted

into evidence prejudicial hearsay. A police officer who arrived on the scene 20 minutes after the shooting testified that the first officers at the tavern told him that decedent's body had not been moved since their arrival on the scene. Defendant argues that this testimony destroyed his contentions that the body had been moved from the middle of the tavern to the rear. However, at no other time in the trial did defense counsel present the theory that the body may have been moved or manipulated after the shooting. Defendant merely relied on the testimony of the witnesses as to where decedent was standing at the time of the shooting. In addition, the hearsay testimony went only to the question of whether the body was moved after the first officers arrived at the scene, and was not directed to the issue of whether the body was moved before the police arrived. The prosecution's witnesses testified that decedent was standing in the rear of the tavern when he was shot, and a photograph of decedent's body lying in the rear of the tavern was also introduced into evidence. Defendant and his witnesses contradicted each other as to where decedent was standing when he fell. Therefore, in view of all the evidence regarding decedent's position, the hearsay testimony of the officer was not unduly prejudicial. *People v. Moorehead,* 45 Ill.2d 326, 259 N.E.2d 8; *People v. Ford,* 89 Ill.App.2d 69, 233 N.E.2d 51.

Defendant's second contention, that the prosecution improperly impeached a witness as to a collateral issue, does not require reversal of this conviction. The witness testified on direct examination that decedent's reputation in the community for peacefulness was bad. He went on to testify that decedent "always carried knives and cut peoples [sic] * * *. He once cut me on the neck." On cross-examination the prosecutor asked the witness if he had told a third party that he had "ganged" decedent and that was the reason decedent had cut him. The witness answered no, and in rebuttal the prosecutor called a woman who testified that she heard the witness tell her husband that he had "ganged" decedent. There was no objection to this rebuttal testimony.

■■ In Illinois, testimony as to collateral matters is not subject to impeachment by proof of prior inconsistent statements. (See *People v. Smith,* 391 Ill. 172, 62 N.E.2d 669.) Where a defendant's contention is self-defense, he can introduce evidence of decedent's reputation for peacefulness (*Kelly v. People,* 229 Ill. 81, 82 N.E. 198), but he cannot introduce evidence of specific acts of the victim. (*People v. Gibson,* 385 Ill. 371, 52 N.E.2d 1008.) Decedent's reputation was put in issue in the case at bar, but the witness then went on to relate a specific instance. The testimony concerning that specific instance was improper, but was not objected to by the prosecution, and when the prosecution attempted to

impeach the witness as to that specific incident by calling a rebuttal witness, defense counsel did not object. Since no objections were made, any error concerning the rebuttal testimony is deemed waived. (*People v. Irwin*, 32 Ill.2d 441, 207 N.E.2d 76.) Furthermore, the jury heard contradictory testimony concerning decedent's reputation and the shooting itself. The judgment of the jury will not be set aside unless it is so unsatisfactory as to justify a reasonable doubt as to defendant's guilt. (*People v. Peto*, 38 Ill.2d 45, 230 N.E.2d 236.) The jury in this case weighed the testimony, judged the credibility of the witnesses and determined the facts from the contradictory evidence. The evidence adduced by the prosecution was sufficient to prove defendant guilty beyond a reasonable doubt.

Defendant's final contention is that the trial court improperly disallowed defendant's testimony concerning his intent at the time of the shooting. The colloquy at trial was as follows:

"Defense Counsel: What, if anything, did he do?

Defendant: He reached at me and slashed at me, and I jumped back and shot over his head.

Defense Counsel: Now, when you shot at him, Mr. Dixon, do you recall how many times you shot in total?

Defendant: Two times.

Defense Counsel: Do you know whether or not you hit him with those shots that you fired?

Defendant: The first time I shot over his head.

Defense Counsel: When you shot the first time did you intend to kill him?

Prosecutor: Objection.

Defendant: No, I did not.

The Court: Sustain that objection.

Defense Counsel: When you shot at him the first time did you aim at him?

Defendant: No, I did not.

Defense Counsel: When you shot at him the second time, did you aim at him?

Defendant: Yes, I did.

Defense Counsel: What was your state of mind when you shot at him with the gun when he advanced on you with a knife, Mr. Dixon?

Prosecutor: Objection.

The Court: Overruled.

Defense Counsel: What was your state of mind?

Defendant: I was in fear of my life. I was scared.

Defense Counsel: And this is when you shot the gun?

Defendant: When I shot the gun."

It is proper for a defendant to testify as to his intention when his defense is self-defense. (*People v. Spranger*, 314 Ill. 602, 145 N.E. 706.) The objection by the prosecutor in the case at bar was improperly sustained; however, it is clear that the subsequent testimony of defendant cured this error by plainly setting forth defendant's intent and state of mind at the time of the shooting. Therefore, defendant was not prejudiced. *People v. Storer*, 329 Ill. 536, 161 N.E. 76.

For the above reasons the judgment of the Circuit Court is affirmed.

Affirmed.

LEIGHTON and HAYES, JJ., concur.