THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RONALD BIERS, Defendant-Appellant.

Third District   No. 75-65

Opinion filed August 26, 1976.

Robert Agostinelli and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Ken Grnacek, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Ronald Biers appeals from convictions of calculated criminal drug conspiracy, unlawful delivery of more than 500 grams of a substance containing cannabis, and unlawful possession of more than 500 grams of a substance containing cannabis. Following a jury trial, which resulted in the convictions, defendant was sentenced by the circuit court of Will County to concurrent terms in the penitentiary of from four to eight years on the conspiracy charge and from two to six years on the cannabis charges.

On appeal in this court, defendant contends that the trial court erred in instructing the jury that it was only necessary that one of the members of the underlying conspiracy obtain more than $500 therefrom in order to convict defendant of calculated criminal drug conspiracy. It is also contended that the evidence was insufficient to support the conviction of such charge. Defendant also contends that his convictions of unlawful delivery and possession of cannabis were not adequately established in absence of proof that the plant material involved was not among those specifically exempted from the proscription of the statute. He also contends that section 16 of the Cannabis Control Act, which relieves the State of the burden of proving beyond a reasonable doubt one of the crucial elements necessary to establish violation of the Act, is violative itself of the due process clause of the fourteenth amendment to the Federal Constitution. It is additionally contended that the trial court erred in not instructing the jury with respect to the question of whether or not the cannabis delivered by defendant was actually that proscribed by the statutes involved.

Defendant Ronald Biers was indicted with three others on the drug conspiracy charges, and, also, of delivering a controlled substance, cocaine, contrary to section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401). Defendant was also indicted for possession and delivery of marijuana in violation of sections 4(e) and 5(e) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, pars. 704(e) and 705(e)). One of the indicted defendants, Joseph Santina, "jumped"

bail and was not brought to trial. The other three, including Biers, were found guilty on all counts. The trial court entered judgment on the conspiracy verdict and on both cannabis verdicts. The other two convicted defendants, James Holmes and Fred Toscano, filed a separate appeal which is being disposed of separately (41 Ill. App. 3d 585, 353 N.E.2d 396).

The charges involved in the instant case stem from a controlled drug purchase which was arranged by police officers and narcotics agents. The agents first purchased cocaine from Santina and Biers at Santina's house on December 4, 1973. Thereafter, in another contact, in another transaction, which was arranged for December 23, 1973, the officers procured a search warrant for the Santina house in Steger, Illinois. On December 23, Agent Pavnica and Officer Kostelny went to the Santina house and met Biers and Santina there. The two undercover men negotiated the cocaine purchase, basically with Santina, and purchased an ounce for $1,250. They also offered to buy some marijuana, which Santina agreed to sell for $120 a pound. Biers produced two one-pound bags of marijuana referred to, and Pavnica and Kostelny left with the drugs after paying a total of $1,490.

As soon as Pavnica and Kostelny left the house they directed the waiting officers to execute the search warrant. Defendants were all arrested at such time. Toscano's wife, Debbie, was also arrested and charged with marijuana violations, but was found not guilty by the trial court in the same proceedings which resulted in the conviction of the other defendants.

Of the $1,490 in money which was left by the agent and police officer, $50 was found on the person of Biers. Toscano had an additional $180 and the remaining $1,260 was found on a dresser in the master bedroom of the house. All four defendants made statements to the police which, as a whole, suggested that Santina ran the cocaine operation with some help from Biers, who lived in the basement. It was also stated that Toscano had the marijuana, which Santina allowed him to sell there for a "cut of the action."

■■ The State initially argues that Biers' appeal should be dismissed since he failed to file a written post-trial motion despite the State's objection to the oral motion that was made. Provisions for written post-trial motions are found in section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 116—1). That section, however, does not make it mandatory for the post-trial motions to be in writing. The practice in Illinois is that an oral post-trial motion can be made and preserves the grounds for review, unless the State's Attorney objects to the oral motion and requests that the grounds therefor be

specified in writing. *People v. Robinson*, 21 Ill. 2d 30, 37, 171 N.E.2d 11 (1960); *People v. Prohaska*, 8 Ill. 2d 579, 582-83, 134 N.E.2d 799 (1956); *People v. Flynn*, 8 Ill. 2d 116, 118-20, 133 N.E.2d 257 (1956); *People v. Everett*, 117 Ill. App. 2d 411, 418, 254 N.E.2d 659 (1st Dist. 1969).

In the instant case, counsel for the defendants made an oral post-trial motion. While the State objected, it only objected on the ground that oral motions were not permitted under Illinois law. Defense counsel disputed that argument, and the trial court accepted the oral motions without further objection from the State. It does not appear that the State's objection was based on a desire to require the defendants to specify their grounds for a new trial, nor did the State make an objection on the grounds of lack of specificity, once the trial court indicated that an oral motion would be permissible. On the basis of the procedure in the trial court, therefore, we do not believe it would be proper to dismiss the appeal on the sole ground of lack of a written post-trial motion.

Defendant, on the first principal argument, contends that the jury was improperly instructed concerning the offense of calculated criminal drug conspiracy and that the evidence was insufficient to support a guilty verdict thereon as against defendant.

The conspiracy statute involved provides:

"For purposes of this section, a person engages in a calculated criminal drug conspiracy when;

(1) he violates any of the provisions [relating to manufacture, delivery or possession of controlled substances]; and

(2) such violation is a part of a conspiracy undertaken or carried on with two or more other persons; and

(3) *he obtains anything of value greater than $500 from, or organizes, directs or finances such violation or conspiracy."* (Emphasis added.) Ill. Rev. Stat. 1975, ch. 56½, par. 1405(b).

The indictment in this case jointly charged Santina, Holmes, Biers and Toscano and alleged that "they" obtained more than $500 in U.S. currency from the cocaine transaction. The court instructed the jury that, as to this particular element, they could find defendants guilty if *any one person* obtained more than $500 in value from the conspiracy. Defendant Biers now argues that *each* defendant, in order to be found guilty of the conspiracy, must be proved to have obtained more than $500 therefrom. He, therefore, contends that the jury was improperly instructed and the evidence was insufficient to sustain the conspiracy conviction as to him. We believe that the defendant is on sound ground in making such contention for the reason that a simple reading of the statute shows that the individual charged must, among other things therein recited, have obtained more than $500 from the conspiracy (or organized, directed or

financed the operation, none of which was alleged here). This is required before a defendant is guilty of committing the crime as defined by the legislation referred to.

In support of the contention that all of the conspirators could be convicted under section 405 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1405), if only one of them organized, directed, financed or obtained more than $500 from the sale, the State points to the rule of statutory construction which allows words importing the singular number to be construed as plural in appropriate situations (Ill. Rev. Stat. 1975, ch. 131, par. 1.03). The State thus argues that the use of the word "he" in section 405(b)(3) is not controlling. The statute, they say, may be read to provide that when *they* obtain anything of value greater than $500." It is contended that the amount obtained by the conspiracy, even if it all goes to one conspirator, is the important figure in determining whether all the conspirators may be convicted.

The contention of the State is not convincing on this issue. The State concedes that if several defendants were jointly charged with organizing, directing or financing a conspiracy under section 405, each defendant would be required to be shown to have actually organized, directed or financed the conspiracy in order to be found guilty. The State does not show why a different interpretation should follow when the charge concerns the fourth possible basis under section 405(b)(3), that is, the obtaining of more than $500 as a result of the conspiracy.

The State emphasizes reliance on principles of accountability, noting that two persons could be jointly charged with armed robbery and both found guilty even though one person carried the weapon, since the other would be equally guilty as an accomplice. The direct answer to this analogy would be found in section 5—2(c)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 5—2(c)(2)), which expressly provides that a person cannot be accountable for a crime which is "so defined that his conduct was inevitably incident to its commission." Since the conspiracy offense defined in section 405(b) requires at least three people to commit it, none can be considered accountable for the actions of the others under the accountability principles stated in section 5—2.

Supporting what we believe to be the obvious construction of section 405(b) is the legislative intent stated in section 100 of the Controlled Substances Act which is stated in part to

> "(3) penalize most heavily the illicit traffickers or profiteers of controlled substances, who propagate and perpetuate the abuse of such substances with reckless disregard for its consumptive consequences upon every element of society." Ill. Rev. Stat. 1975, ch. 56½, par. 1100.

The apparent intent of section 405, therefore, is to penalize above and beyond those who manufacture, deliver or possess controlled substances (Ill. Rev. Stat. 1975, ch. 56½, pars. 1401, 1402) each person who, in a conspiracy to manufacture, deliver or possess controlled substances, either organizes or controls the effort or profits by more than $500.

■■■ We, therefore, conclude that an essential element of the crime of calculated criminal drug conspiracy, as set forth in section 405(b)(3), is that the defendant either organize, finance, direct, or obtain $500 from the conspiracy. There was no proof in the instant case that defendant Biers' conduct met any of these alternatives, and the proof therefore was insufficient to sustain the conviction of defendant Biers under the provisions of section 405. His conviction is, therefore, reversed.

Defendant's other major attack, on his cannabis conviction, is related to the fact that certain parts of the cannabis plant are not illegal to deliver or possess under the Cannabis Control Act. These parts, primarily mature stalks, sterilized seeds, and certain preparations made from the seeds, are listed as exceptions in the general definition of cannabis found in section 3 of the Act (Ill. Rev. Stat. 1975, ch. 56½, par. 703).

In a later provision in the same act, in section 16 (Ill. Rev. Stat. 1975, ch. 56½, par. 716), it is provided:

> "It is not necessary for the State to negate any exemption or exception in this Act in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this Act. The burden of proof of any exemption or exception is upon the person claiming it."

Defendant Biers argues that section 16 is unconstitutional in that it relieves the State of its burden of proving a defendant guilty of all elements of the crime beyond a reasonable doubt.

The Supreme Court of the United States clearly established that the State must prove a criminal defendant guilty beyond a reasonable doubt as to each and every essential element of the crime charged. This is constitutionally mandated by the due process clause of the Constitution, as made clear by the Supreme Court in *In re Winship*, 397 U.S. 358, 361-64, 25 L. Ed. 2d 368, 373-75, 90 S. Ct. 1068 (1970).

The result of section 16 of the Cannabis Control Act is that the State need not allege or prove the inapplicability of the exemptions set forth in section 3, but that the burden is cast upon the defendant to bring himself within such exemptions, if they are applicable. Biers challenges this burden as being violative of the due process clause. He points out that not all cannabis is proscribed under the Act and that nevertheless under section 16, the State need only prove that the substance in question is cannabis and that the burden is then on the defendant to prove that

cannabis is not proscribed, if that is true. If we were to construe the last sentence of section 16 as placing the ultimate burden of proof, as to the possible innocent nature of the cannabis, upon defendant, we would feel bound to hold that part of the Act in direct conflict with the constitutional requirement that the State bear the ultimate burden of proving the defendant guilty beyond a reasonable doubt as to each element of the alleged crime.

We do not, however, construe section 16 in this manner, nor have other courts in this State done so in dealing with similar provisions. The cases show that a provision placing the burden of proving a statutory exemption on a defendant is equivalent to making the exemption an affirmative defense. The State is not initially required to negate the applicability of the exemption in the pleadings or proof, but once the applicability of the exemption is made a reasonable possibility by evidence, or otherwise at the trial, either by the State or the defendant, the State must meet its usual burden of proof as to the issue together with other elements of the crime. Ill. Rev. Stat. 1975, ch. 38, par. 3—2.

The principal case in this area is *People v. Williams* (1962), 23 Ill. 2d 549, 179 N.E.2d 639, where the court considered a provision of the Uniform Narcotic Drug Act almost identical to section 16 of the Cannabis Control Act (Ill. Rev. Stat. 1957, ch. 38, par. 192.28—39). The court in *Williams* expressed concern over the possible conflict of section 39 with the principle that the State bear the burden of proof in criminal cases and interpreted the statutory language in such manner as to avoid any conflict. The court stated (at page 556):

"Thus, if there is in this record evidence sufficient to raise a reasonable possibility that the defendant comes within the exemption thus creating a reasonable doubt of his guilt, the defendant has met the burden of proof imposed upon him by the statute."

Another recent case of the same name, *People v. Williams* (1st Dist. 1975), 28 Ill. App. 3d 67, 328 N.E.2d 192, considered the issue in the context of the exemption provision pertaining to unlawful use of weapons (Ill. Rev. Stat. 1975, ch. 38, pars. 24—1 *et seq.*). The court observed there (at pages 70-71):

"The State confuses the distinction between the burden of proof and the burden of going forward with the evidence. It is a firmly settled proposition of law that the burden of proof never shifts to the defendant no matter what his defense may be. [Citation.] We view section 24—2(f) as placing the burden on defendant to produce a quantum of evidence sufficient to place the question of exemption in issue. Clearly, an exemption is an affirmative defense as defined by the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par.

3—2), and * * * once an affirmative defense is raised the burden is on the State to prove defendant guilty beyond a reasonable doubt as to that issue."

See also *People v. Hudson* (1st Dist. 1970), 130 Ill. App. 2d 1033, 266 N.E.2d 481, *rev'd on other grounds*, 50 Ill. 2d 1, 276 N.E.2d 345, *cert. denied*, 405 U.S. 965, 31 L. Ed. 2d 241, 92 S. Ct. 1176, where the court noted:

> "No burden is put upon the State, with respect to an exception, *until such time as the defendant introduces evidence to show that an exception is applicable.*" (Emphasis added.) 130 Ill. App. 2d at 1040.

The purpose of affirmative defenses and exemption provisions such as section 16 is clear. The State is relieved of the time-consuming and wasteful task of alleging and proving many negative propositions which, if proven in the affirmative, would provide a good defense to the charges. These propositions, like the common affirmative defenses of insanity, infancy, self-defense, and ignorance or mistake, are normally not involved in criminal cases, and we believe there is no good reason to require the State to allege the nonexistence of such defenses in each case. The principle of an affirmative defense allows the defendant to raise the issue when it might be applicable, however, and in such cases still requires the State to meet the burden of proof beyond a reasonable doubt as to that issue. The use of affirmative defenses is thus more a matter of convenience than anything else and does not violate the defendant's right to be proven guilty beyond a reasonable doubt.

■■ Since we construe section 16 to make the applicability of exemptions a matter of affirmative defense, consistently with the precedents, we do not find it unconstitutional as in violation of such rights. In the cause before us there was no testimony from either of the two chemists who took the stand as to the type of green plant material they tested, stems, stalks, leaves, or seeds, and their only conclusion was that the material was "cannabis." Defendant contends that the trial court erred in not instructing the jury with regard to the question of whether or not the cannabis delivered by defendant was statutorily proscribed. Biers contends that the lawful or unlawful nature of the cannabis delivered by Biers was raised when the State's cannabis expert admitted on cross-examination that he had not determined the maturity of the plants which he tested or the parts of the plant tested in arriving at his conclusion that the material was in fact cannabis. Under the circumstances it is contended that the trial court should have recognized that a substantial question of fact remained with respect to that issue. Since this cause is being tried by a jury, Biers contends that the question of fact should have been submitted to and resolved by the jury. (See *People v. Nowicki* (1928), 330

Ill. 381, 161 N.E. 747.) The jury, however, was not instructed on the law with respect to the nature of the cannabis question and, therefore, never passed on the question.

Biers' co-defendants in the trial submitted an instruction as to the nature of the cannabis which is proscribed by the Act. The trial court refused to give such instruction. It is Biers' contention that the trial court erred in not instructing the jury on the issue critical to his case, and thus prevented the jury from arriving at a just verdict. A proper jury instruction would have included the statutory definition of cannabis and would have told the jury to determine whether or not Biers had brought himself within any of the exceptions listed in the definition. Although Biers individually did not tender an instruction to this effect, his co-defendants did tender such instruction which the trial court refused. Under the facts and circumstances in this case, the trial court should have instructed the jury as requested. As indicated in *People v. Lewis* (1st Dist. 1969), 112 Ill. App. 2d 1, 11, 250 N.E.2d 812:

> "\* \* \* a fundamental responsibility of the court [is] to see to it that the jury not be permitted to deliberate defendant's guilt or innocence of the crime charged without being told the essential characteristics of that crime."

■■ We conclude that it was error to allow an insufficiently instructed jury to determine Biers' guilt of the offenses relating to cannabis, and that his conviction on the cannabis charges should be reversed and the cause remanded for a new trial thereon.

For the reasons stated, therefore, the judgment of the circuit court of Will County with respect to the cannabis charges is reversed and the sentence imposed by reason thereof is likewise vacated and this cause is remanded to the trial court for a new trial on the cannabis charges. The conviction and sentence on the conspiracy charge, for the reasons heretofore specified, are reversed.

Reversed in part and reversed and remanded in part.

STENGEL and BARRY, JJ., concur.