THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES HOLMES *et al.*, Defendants-Appellants.

Third District   No. 75-117

Opinion filed August 26, 1976.

Crane, Pritzker & Glass, Ltd., of Chicago (Michael Pritzker, of counsel), for appellants.

Martin Rudman, State's Attorney, of Joliet (Ken Grnacek, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Will County finding defendants James Holmes and Fred Toscano guilty of calculated criminal drug conspiracy, delivery of a controlled substance, unlawful possession of cannabis, and unlawful delivery of cannabis.

Following the jury trial in which defendants were convicted, they were sentenced on all counts of the indictment to terms of four to eight years.

Defendants were originally indicted with two other defendants, Ronald Biers and Joseph Santina. Joseph Santina "jumped" bail and could not be

found for the trial, so the trial proceeded as against Biers, Holmes and Toscano.

On motion of the State, the judgment entered on the controlled substance count was vacated as to all three defendants.

Narcotics agents had set up the cocaine purchase through Biers at the Santina home. While the agents negotiated and completed the transaction, defendants Holmes and Toscano appeared from the basement of the premises and watched as Santina and Biers weighed out and delivered the cocaine. The agents also asked about, and purchased, marijuana. Statements made by all four defendants to police disclosed that the marijuana belonged to Toscano.

Defendant Biers had filed a separate appeal and in case No. 75-65 we reversed and remanded his conviction on the conspiracy and cannabis charges. (See *People v. Biers* (1976), 41 Ill. App. 3d 576, 353 N.E.2d 393.) The decision and observations in the *Biers* opinion control this appeal likewise and require a similar reversal and remandment of convictions in this cause.

The State had initially contended here, as we noted in *Biers,* that the appeal should be dismissed because of defendants' failure to make a written post-trial motion. We concluded in *Biers* that an oral motion was permissible unless the State specifically objected and requested a written motion. Since the only objection by the State was on the ground that the oral motion was never permissible, and it did not object thereafter, we concluded in *Biers* that the lack of the written motion did not prejudice defendant's right to appeal. The same result applies to defendants Holmes and Toscano.

Defendants here also argue that the indictment was insufficient to charge the offense of calculated criminal drug conspiracy. They asserted that the element of that crime which was defined in section 405 (b)(3) of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1405(b)(3)), since it provides as "*he* obtains anything of value greater than $500 from, or organizes, directs or finances such violation or conspiracy," is not sufficiently alleged by the phrase "*they* obtained more than Five Hundred Dollars ($500.00) ° ° ° from said conspiracy." (Emphasis added.)

We noted the evidence in the record does not show that either Holmes or Toscano obtained more than $500 from the alleged conspiracy. Holmes had no money when arrested immediately after the transaction was completed. Toscano had only $180, and the bulk of the marked purchase money was found in Santina's bedroom.

■■ We construed section 405(b)(3) in the *Biers* case to require, as an element of the crime of calculated criminal drug conspiracy, that the person charged either had organized, financed, or directed the

conspiracy, or received more than $500 in value from it. We concluded in that case that since defendants Holmes and Toscano, in the record, were not shown to have done any of these acts, they could not be convicted of the conspiracy charge. While the indictment may be sufficient to charge each of them with the crime by simply using the plural subject "they," the proof must be sufficient on each element as to each individual defendant in the conspiracy charge. There was no evidence that either Holmes or Toscano organized, financed, or directed the conspiracy or received more than $500 from it.

While defendants raise a number of issues, in view of our determination in the *Biers* case we deem it necessary to consider only one issue. This issue revolves around the contention of defendants that the court erred in not giving a tendered instruction on the statutory definition of cannabis. The argument asserted by defendants Holmes and Toscano is that the trial court erred in failing to instruct the jury concerning the definition of cannabis as found in section 3 of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 703). As we had noted in the *Biers* decision, that definition exempts certain portions of the cannabis plant from the proscription of the Cannabis Control Act. Holmes and Toscano claim that they were entitled to an instruction explaining these exemptions to the jury.

We did note in *Biers,* that section 16 of the Cannabis Control Act provides that the State need not allege that the cannabis in question was *not* exempt, nor is the State required to prove such fact. The burden of proof is on the defendant to raise the issue that there are such exemptions. We construed section 16 to make the applicability of the exemptions a matter of affirmative defense, which would require that defendant raise the issue and then place the ultimate burden of proof on the State that there was no such exemption.

Holmes and Toscano argued that they raised the exemption issue by having the State's chemist admit on cross-examination that he had not checked the subject cannabis for maturity, and that it could have been mature. Defendants submitted an instruction to the jury on this issue. That instruction was refused by the trial court and no instruction was given on the issue. We noted in the *Biers* case that, in absence of other evidence tending to show that the cannabis was of the portions actually proscribed in the Cannabis Control Act (*e.g.,* leafy parts or resin), a doubt could be created as to whether the cannabis in the case was proscribed or exempt.

We there stated that the jury was entitled to be instructed on this issue, as defendants now contend. As noted, the instruction was refused and none was given on the issue. We concluded in *Biers* that the jury should not have been left in the dark as to the issue raised in the record

and that an instruction should have been given on the issue to permit the jury to determine whether or not cannabis, as defined in the Cannabis Control Act, was sold and that the parts sold did not consist of exempt materials as specified in the Act.

For the reasons stated, therefore, the judgment and sentence of the Will County Circuit Court finding defendants guilty of conspiracy is reversed. The judgment and sentence of the trial court is likewise reversed as to the cannabis charges and this cause is remanded to the Circuit Court of Will County for a new trial on the cannabis charges only.

Reversed in part and reversed and remanded in part.

STENGEL and BARRY, JJ., concur.