THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JENTLE PENDLETON, Defendant-Appellant.

Third District   No. 3—98—0242

Opinion filed October 7, 1999.

Jennifer Aiton, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Kick, State's Attorney, of Kankakee (John X. Breslin and John Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Jentle Pendleton faced a number of criminal charges, including calculated criminal drug conspiracy (720 ILCS 570/405(a) (West 1994)), for his involvement in a drug sale to undercover police officers. To prove that defendant "obtain[ed] anything of value greater than $500" from the drug conspiracy as required by the statute, the State relied on an accountability theory. See 720 ILCS 570/405(b)(3) (West 1994). A jury convicted defendant on all the charges. He appeals two of his convictions and his prison sentences. We reverse in part, vacate in part, and modify in part.

## FACTS

In January 1994, defendant gave an undercover police officer a sample of cocaine. A drug deal was then arranged with defendant, who was to sell the officer an ounce of cocaine. On the day the sale was to take place, defendant again met with the officer, then left and returned in his pickup truck with James Harris and Ronald Cotton. The parties agreed on a price of $1,000. When the officer asked defendant about the location of the cocaine, Harris answered, stating that he did not have it but could get it. Defendant, Harris, and Cotton then left, but returned later in the truck.

Defendant vouched for the quality of the cocaine. Cotton asked the officer to see the money, then went to a nearby car driven by one of his "boys." Cotton returned to defendant's truck and tried to hand him the cocaine, but defendant did not take it. Cotton and the officer then exchanged the drugs and the money, and Cotton returned to the car. At that point, other officers arrived, arrested defendant and Harris, and found a small automatic gun in defendant's truck.

Defendant was charged with armed violence (720 ILCS 5/33A—2 (West 1994)), unlawful delivery of a controlled substance weighing more than 15 but less than 100 grams (720 ILCS 570/401(a)(2)(A) (West 1994)), unlawful delivery of a controlled substance weighing less than 1 gram (720 ILCS 570/401(d)(i) (West 1994)), unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 1994)), and calculated criminal drug conspiracy (720 ILCS 570/405(a) (West 1994)). A jury found defendant guilty of all charges, and he was given 2 concurrent sentences of 12 years in prison on the armed violence and criminal conspiracy charges and 2 concurrent sentences of 3 years in prison on the remaining counts. He was also given a mandatory drug assessment fine of $3,000.

Defendant filed motions for a new trial and to reconsider the sentences, which were denied by the trial court. He appeals only his convictions for calculated criminal drug conspiracy and unlawful possession of a weapon by a felon, as well as the trial court's failure to grant him full credit for time served in pretrial and presentence custody.

## DISCUSSION

### I

Defendant argues that the State failed to establish an essential element of the calculated criminal drug conspiracy charge because it did not prove beyond a reasonable doubt that he received more than $500 from the drug sale. See 720 ILCS 570/405(b)(3) (West 1994).

■ When considering the sufficiency of the evidence, we must determine whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985).

■ Section 405 states:

"(b) For purposes of this section, a person engages in a calculated criminal drug conspiracy when:

(1) he violates any of the provisions of subsections (a) or (c) of Section 401 or subsection (a) of Section 402; and

(2) such violation is a part of a conspiracy undertaken or carried on with two or more other persons; and

(3) he obtains anything of value greater than $500 from, or organizes, directs or finances such violation or conspiracy." 720 ILCS 570/405 (West 1994).

In *People v. Biers*, 41 Ill. App. 3d 576, 580, 353 N.E.2d 389, 393 (1976), the State relied on accountability principles to show that the defendant received more than $500 from the conspiracy. This court

rejected the application of accountability to a charge of calculated criminal conspiracy because a separate element of the charge required the coordinated actions of at least three people. Our court found that, to convict under the conspiracy statute, the State had to prove that: (1) three or more people were involved, and (2) a defendant's participation satisfied the essential elements of the crime, in this case, the receipt of more than $500.

The *Biers* court said that section 5—2(c)(2) of the Criminal Code of 1961 (now 720 ILCS 5/5—2(c)(2) (West 1998)):

> "expressly provides that a person cannot be accountable for a crime which is 'so defined that his conduct was inevitably incident to its commission.' Since the conspiracy offense defined in section 405(b) requires at least three people to commit it, none can be considered accountable for the actions of the others under the accountability principles stated in section 5—2." *Biers,* 41 Ill. App. 3d at 580, 353 N.E.2d at 393.

Thus, it is not enough that three people merely decide to market illegal drugs; a defendant must also obtain the requisite benefit to be guilty of calculated criminal drug conspiracy. Accountability circumvents the requirement that the State prove each conspirator's culpability. *Biers,* 41 Ill. App. 3d at 580, 353 N.E.2d at 392-93. We find no compelling justification to depart from this reasoning.

Nonetheless, the State relies on accountability to infer that defendant could have received $500 as his share of the $1,000, citing *People v. Shimkus,* 135 Ill. App. 3d 981, 482 N.E.2d 194 (1985), and *People v. Melgoza,* 231 Ill. App. 3d 510, 595 N.E.2d 1261 (1992). Neither case, however, refers to any accountability theory in its analysis. In *Shimkus,* 135 Ill. App. 3d at 988, 482 N.E.2d at 197, the defendant had actual possession of $4,000 in drug proceeds for a period of time; thus, the jury could have inferred that his share would have been more than $500. Similarly, in *Melgoza,* 231 Ill. App. 3d at 515, 595 N.E.2d at 1267, three conspirators were to split the proceeds of $26,000, so a jury could have inferred that the defendant's share would have been more than $500.

■ In the instant case, defendant never personally possessed any part of the drug money, and three people had to split the $1,000, leaving a reasonable doubt as to whether defendant's share would have been greater than $500. There was no evidence, either direct or by inference, that defendant was to receive more than $500. Thus, we reaffirm our holding in *Biers* that accountability cannot be used to make the requisite showing that the defendant obtained more than $500 from the conspiracy. The State has failed to offer sufficient proof to support a conviction for calculated criminal drug conspiracy.

Finally, the State asserts that the conviction may be upheld because there was sufficient evidence to prove that defendant organized, directed, or financed the conspiracy. See 720 ILCS 570/405(b)(3) (West 1994). Although such proof is an alternative to showing defendant's financial gain from the sale, the State did not charge defendant under this prong of the statute. The State may not offer a new theory of guilt for the first time on appeal. See *People v. Homes*, 274 Ill. App. 3d 612, 623, 654 N.E.2d 662, 671 (1995). It would also be manifestly unfair to uphold a conviction based on a charge defendant was never given the opportunity to defend. See *People v. Spears*, 112 Ill. 2d 396, 405, 493 N.E.2d 1030, 1034 (1986).

Because the State failed to prove beyond a reasonable doubt that defendant received more than $500 from the conspiracy, his conviction for calculated criminal drug conspiracy must be reversed.

(The discussion of issues II, III and IV is not to be published pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23).)

## CONCLUSION

The judgment of the circuit court of Kankakee County is reversed in part, vacated in part, and modified in part.

Reversed in part, vacated in part, and modified in part.

HOMER and KOEHLER, JJ., concur.