The People of the State of Illinois, Plaintiff-Appellee, *v.* Richard M. Murphy *et al.*, Defendants-Appellants.

(No. 11387;

Fourth District—January 11, 1972.

John F. McNichols, Defender Project, of Springfield, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendants were convicted of armed robbery upon a jury's verdict. A sentence of 5 to 20 years was imposed.

Upon appeal no issue is raised as to the sufficiency of the evidence to show guilt beyond a reasonable doubt. Errors asserted are directed to the admission into evidence of certain items seized as incident to the arrests; testimony concerning a statement allegedly made in the absence of the *Miranda* warnings and denial of a contuinance to prepare their defense.

Counsel were appointed for these defendants and a third defendant jointly indicted with them. Without objection counsel withdrew from his representation of Bunnell and Murphy, apparently because of a conflict in interest in the representation of the third defendant. At such time defendants refused the appointment of other counsel, and thereafter persisted in the refusal of subsequent offers to appoint an attorney. At the trial they refused to participate in the selection of the jury, in making opening statements or closing arguments and no instructions were tendered by them. No objections were made to the evidence except as to one item hereafter noted and a general objection to all instructions tendered by the prosecution.

The record clearly demonstrates that there was a reasonable ground for the arrest of these defendants without a warrant. A liquor store was robbed at about 6:45 P.M. The police were called to the scene and the attendant and a customer present gave descriptions of the appearance and clothing of the two men who robbed. One or more bottles of an identified brand of whiskey, together with money approximating $340 were taken. At about 9:30 on the same date, an anonymous woman telephoned the police that she had heard a news account of the robbery, and that she was leaving the parking area adjacent to the liquor store at about the time reported. She recalled that as she was leaving a white Dodge sedan pulled into the lot with two white males in it and that the car had a Massachusetts license. Police investigation disclosed that such a described car was parked at a named motel and that three men registered the white Dodge sedan from Massachusetts. Investigating officers ascertained the description of the men from the employee at the motel. The latter advised that two of the men had departed by cab for a tavern. Several officers accompanied the desk man to the room occupied by the defendant, Bunnell, who opened the door and released the general lock. The officers entered and shortly thereafter Bunnell was placed under arrest. The officers testified to observing clothing of the nature described hanging by the door, a bottle of the named whiskey on the table and ammunition, both .30 and .38 caliber on the dresser.

Bunnell was left in the custody of two officers and the remainder went

to a tavern where it was believed that the other two men had gone. As they aproached the tavern, defendant Murphy was observed getting into a cab and he was arrested. The cab driver pointed out the third man, Herbert, who was still inside the tavern and he was arrested. The evidence is that Herbert turned the keys to the Dodge sedan over to the officers and consented to a search. Murphy and Herbert were taken to the police station. Certain officers returned to the motel where a search of the sedan revealed a loaded M-1 carbine under some clothing on the rear seat. Certain hats also found in the car were introduced into evidence. Upon return to the room where Bunnell was being held in custody, a revolver was found on the floor under one of the beds. The defendants' *pro se* motion to suppress as evidence the revolver, the carbine and certain of the ammunition was denied, and the court orally stated in the record that it had been seized as incident to a lawful arrest.

Here there is no question as to the fact of the commission of the felony. The several officers had descriptions of the appearance and clothing worn by Bunnell and Murphy at the scene of the robbery and of the white Dodge sedan used by them. In *People v. Doss,* 44 Ill.2d 541, 256 N.E.2d 753, the officers made arrests upon the descriptions of the men as given, both by the witnesses at the scene and by a motel manager who observed the men as patrons. In that case it was shown as a corroborating factor that the men did not have a car. In finding a reasonable cause for arrest without a warrant, the court said:

"Reasonable cause does not require evidence sufficient to convict one arrested but only that a reasonable and prudent man having the knowledge possessed by the arresting officer at the time would believe the person had committed the offense."

Defendants' argument to the contrary notwithstanding, we cannot agree that the white Dodge sedan registered in Massachusetts, which was found in Springfield, Illinois, during the month of December is a trivial and insignificant factor as probable cause.

■■■ Defendants argue that reversible error arises from the admission into evidence of the revolver. They contend that it was found subsequent to the arrest rather than contemporaneously with it. The making of an arrest is not a matter of a precise timetable, but must be weighed in the light of the infinite combinations of fact arising following the commission of the felony. From the information available to the police, the robbers were obviously in a highly mobile category, and quick investigation was required. It was fortuitous that Murphy and Herbert were located promptly following the arrest of Bunnell. If the officers had not remained at the motel with Bunnell, Murphy and Herbert might have returned

and made an escape. Following the arrest of Murphy and Herbert and the search of the Dodge, it was apparent that the revolver might still be a hazard to those in the presence of Bunnell. The gun under the bed was under the immediate control of the latter. (*People v. Doss*, 44 Ill.2d 541, 256 N.E.2d 753.) We do not agree that the dicovery of the gun under the bed was remote in time from the arrest of Bunnell. Defendants urge the rule of *Preston v. United States*, 376 U.S. 364, 11 L.Ed.2d 777. In that case, the search was made when defendant had been removed to another place. Here, Bunnell was present in the close vicinity to the handgun.

■■ In argument here complaint is made that the record fails to show the descriptions of the men and clothing upon which the arresting officers relied to conclude that there was probable cause for arrest. The defendants failed to cross-examine the descriptions testified to by the several witnesses, or to otherwise attempt to impeach the testimony upon the issue of identification. (*People v. Sumner*, 43 Ill.2d 228, 252 N.E.2d 534.) We find that prior to trial at a hearing upon a *pro se* motion to suppress evidence, the defendants had examined the officers concerning the making of the arrest. At the trial nothing was said to raise the issue of the accuracy of the description before the jury. We will not reverse because defendants failed to employ the recognized means to preserve the issue.

■ It is argued that some ammunition taken from a dresser drawer was commingled with that on the top of the dresser, and that none of the ammunition should have been admitted into evidence. The record is not conclusive that ammunition was, in fact, taken from the dresser drawer, but assuming such to be the fact, the convictions at hand are not woven from circumstantial evidence. The rule of harmless error as found in *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed.2d 419, and in *Harrington v. California*, 395 U.S. 250, 23 L.Ed.2d 284, may be correctly applied.

■■ Defendants objected to the introduction into evidence of the M-1 carbine and contend that such was reversible error. The objection is that the weapon was not shown to be used in the robbery. Defendants cite *People v. Smith*, 413 Ill. 218, 108 N.E.2d 596. There defendant was arrested some six months after a murder. At that time the shotgun was found in the trunk of the car he then used. Such car was owned by another, however, and the record did not show that the defendant had control or continuous access to the use of the car. Here the arrest was made shortly after the robbery. The defendant, Bunnell, had access to and immediate control of the .30 caliber ammunition when he was arrested, and such was adapted to the weapon. In *People v. Jackson*, 9 Ill.2d 484, 138

N.E.2d 528, it was determined that where a person is fleeing from or sought for a crime, weapons taken from his control on arrest may be the subject of testimony and admitted into evidence concerning the details of the arrest, even though there is no claim that it was used in the particular crime charged. The ammunition adapted to the carbine under the control of Bunnell and the weapon found in the Dodge sedan under the control of these defendants form a chain of evidence connecting the defendants and the automobile identified with the robbery. It is probative and corroborating the identification of the parties and vehicle.

■■ It is contended that the court erred in admitting into evidence a statement attributed to Murphy for the reason that the record does not show in detail the warnings required in *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694. There was no motion made prior to trial to suppress any statements as provided in Ill. Rev. Stat. 1969, ch. 38, par. 114—10. No objection was made to the testimony at the time of trial, although substantially the same statement was in the record of a hearing on a motion to suppress evidence illegally seized.

The arresting officers testified that at the time of the respective arrests, each of the defendants was "advised of their rights." One officer testified:

"As we drove up in front of the station—we had just talked, small talk, and I asked him if this—I said, we're going to put you in a line-up, would the subjects in this armed robbery be able to identify you? and he says, he will unless he's blind."

It is to be noted that there is essentially no interrogation of Murphy, and the record does not suggest any "compelling atmosphere of in-custody interrogation." As in *People v. Doss,* 44 Ill.2d 541, 256 N.E.2d 753, the records do not suggest that defendant acted under any coercing influences or overawing atmosphere of police custody within the intendment of *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694. As stated there:

"The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated." (16 L.Ed.2d 694, 726.)

The record here does not show that Murphy was involuntarily impelled to make a statement when but for the improper influences he would have remained silent. (16 L.Ed.2d 694, 716.)

If, despite the testimony showing no coercing interrogation, it is assumed that there is a highly technical violation of *Miranda,* still upon the record the testimony offered here was harmless error within the rule stated in *People v. Landgham,* 122 Ill.App.2d 9, 257 N.E.2d 484, 492, where it is said:

"Errors of a constitutional nature can be regarded as harmless, if we are able to declare beyond a reasonable doubt that the error did not contribute to the finding of guilty. (Citations omitted.) When we say that the error did not contribute to the finding of guilty, we mean that the erroneously admitted evidence did not prove an element of the crime not established by other properly admitted evidence."

Also see *People v. Mylas,* (Ill.App.2d), 271 N.E.2d 62; *People v. Tidwell,* (Ill.App.2d), 266 N.E.2d 787. This record amply shows testimony of eyewitnesses placing Murphy at the scene of the robbery.

Immediately before the commencement of the trial defendants made a motion for a continuance for a period of 90 days. It is urged that the court erred in denying the motion. Defendants were indicted on January 23, 1970. On February 2nd, they were arraigned, elected to appear *pro se* and given 30 days to file motions. At that time trial was set for March 23rd. On March 2nd, upon motion, the time for filing defendants' motion was extended to March 12th. On March 9th, the defendants were supplied with forms of subpoena for witnesses for a hearing on their motion to suppress evidence illegally seized. During the interval between February 2nd and March 19th, various orders of the court provided for access to requested legal materials. The motion for continuance stated as its grounds that the defendants had been preparing pre-trial motions and for the hearings thereon. The context of the motion is that they needed time to read legal materials and the tenor of their argument here is that a layman must be given adidtional time to qualify himself for trial with legal training.

■■ The record discloses the offers to provide an attorney were renewed at various times throughout the period of six weeks. They refused, although the record discloses no statement of any reason for refusing appointment of counsel. Defendants filed numerous handwritten motions which suggests that they were soon aware of the practical problems of defending themselves. The period required to achieve satisfactory legal qualification for trial is indefinite. The defendant who exercises the right to defend himself assumes the responsibility for his decision. (*People v. Richardson,* 17 Ill.2d 253, 161 N.E.2d 268.) The courts are not required to relax the limitations which are imposed upon the attorney practicing in the court. (*People v. Martin,* 84 Ill.App.2d 117, 228 N.E.2d 57.) Authorities cited by defendants relate to cases where the presence of counsel for defendants had been required in continuous court proceedings which prevented counsel's preparation. These cases are not controlling upon this issue.

The record does not suggest that defendants were forced into trial with

352

precipitous speed. The trial court did not abuse its discretion in denying the continuance. The judgments of conviction are affirmed.

Judgments affirmed.

SMITH and CRAVEN, JJ., concur.