THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* L. T. UPSHIRE, Defendant-Appellant.

First District (3rd Division)    No. 77-786

Opinion filed June 28, 1978.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Michael E. Shabat, and Larry J. Acker, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, L. T. Upshire, was charged with armed robbery. After a jury trial, he was found guilty of that crime and was sentenced to 25 to 50 years. On appeal defendant contends that the prosecutor's closing argument comments about defendant's post-arrest silence constituted reversible error; that it was error for the prosecutor to cross-examine a defense witness concerning prior convictions; that the trial court erred in admitting into evidence two weapons not used in the robbery; and that the trial court erred in refusing to give the jury a certain instruction.

Two other men were indicted with defendant for the same crime. Charles Nelson pleaded guilty to the charge, and is not involved in this appeal. Booker Walls failed to appear for trial.

At approximately 10 a.m. on July 25, 1974, a hardware store at 760 North Milwaukee Avenue in Chicago was robbed. Alvin Storck, the proprietor, testified that defendant entered the store and asked for paint. As Storck accompanied defendant, the front door opened and a man with

a gun announced a robbery. Hearing movement, Storck saw defendant coming toward him with a gun.

A third man entered the store, and Storck saw him and defendant go through several cabinets. Storck was instructed to lie down, but had to arise to open the cash register. Storck was told to lie down again, and his hands were tied behind his back. He heard the men leave and, a few minutes later, the police untied him. A vehicle was in front and a television set and a fan from Storck's store was in it. Storck identified defendant and Nelson as two of the robbers.

Storck stated that all his conversation during the robbery was with Nelson and Walls. He did not see defendant take anything. Storck also testified that at the preliminary hearing he stated he did not see what defendant was doing after he directed defendant to the paint since his attention was focused on another individual.

Officer Frederick Howard of the Chicago Police Department testified that he responded to a radio report of a robbery in progress. When he arrived at the store, he saw defendant placing several items in the trunk of an automobile. When Nelson emerged from the store, Howard ordered both men to stand against a wall. The police recovered a gun from defendant's person and they recovered the store merchandise, a shotgun and a sword from the trunk of the vehicle.

The defense was predicated upon defendant's contention that he had been a customer in the store at the time of the robbery and that Storck mistakenly had identified defendant as a participant. Charles Nelson testified in support of this argument.

Nelson stated that on the date in question Walls and he robbed the hardware store. The pair traveled to the store in Nelson's automobile. As Walls and he were leaving the store, Nelson saw defendant who had no gun. The merchandise was found by the police in Nelson's automobile. Nelson had entered a plea to the charge and had been sentenced to four years to four years and a day.

We first consider whether the prosecutor's comments on defendant's post-arrest silence violated defendant's right to remain silent.

During cross-examination, the prosecutor asked Nelson whether defendant said anything to the police at the time of arrest. Nelson replied that defendant had not said anything to the police.

During closing argument defense counsel made the following comments:

"* * * the squad car come up and Officer Howard pulls up and pulls his gun and puts both of these men against the wall. Why didn't Mr. Upshire at that point say anything? And why didn't Mr. Upshire start protesting his innocence and making some type of actions to establish he had nothing to do with this situation? Well,

again, we have here a man who is looking down the barrel of Officer Howard's gun. And I know that if it was me, and I'm sure that you would all have the same feeling, and that is, if somebody was pointing a gun at you and they say, "Get up against that wall," you are not going to try and get into a debate with them about the factual situation just occurred. Who did what? What was done? And what did you do? And who was involved? No, I would pretty quickly respond to the command given to me by that person holding that gun. I would be very concerned. If I didn't react and react fast, I might not be able to have that debate at a later point in time."

In his rebuttal closing argument, the prosecutor made the following comment:

"Counsel talks about if someone was pointing a gun he would remain quiet, referring to Mr. L. T. Upshire. Counsel brought the fact out that Mr. Upshire didn't say anything. There is half the 13th District there. I'm being ridiculous, now, but there is a lot of police officers. They are all standing out there. What is a common sense thing for you to do if you are not involved? "Hey, man, wait a minute. Hold it. Hold it. I ain't involved. Those guys did it. They did this."

In *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, the Supreme Court held that silence on the part of an accused subsequent to arrest is "insolubly ambiguous" in view of the State's obligation to advise the accused of his rights. Explaining the basis for excluding such evidence, the Court said at page 618: "[I]t would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." In Illinois the *Doyle* rule has been closely followed, thus making it error either to elicit testimony that a defendant remained silent after arrest (*People v. Deberry* (1977), 46 Ill. App. 3d 719, 361 N.E.2d 632; *People v. Monaghan* (1976), 40 Ill. App. 3d 322, 352 N.E.2d 295), or to comment during closing argument that a defendant had failed to tell the story at a previous time. *People v. Monaghan.*

The State raises two points in response to defendant's *Doyle* argument. The State first contends that defendant failed to include the alleged *Doyle* violation in his written motion for a new trial and therefore has waived any error for purposes of appeal. This court has held the waiver doctrine inapplicable where a *Doyle* violation is asserted and has allowed consideration of the issue as plain error even though defendant failed to raise it in the trial court. (*People v. Hooker* (1977), 54 Ill. App. 3d 53, 369 N.E.2d 147; *People v. Suggs* (1977), 50 Ill. App. 3d 778, 365 N.E.2d 1118.) In *People v. Anderson* (1977), 46 Ill. App. 3d 607, 360 N.E.2d 1371, this

court noted defendant's failure to raise the *Doyle* issue in his post-trial motion. The court concluded in that case that any error which might have occurred was harmless beyond a reasonable doubt and had no significant effect in bringing about the verdict. We cannot reach such a result in the present case.

■■■ The State further counters that the prosecutor's comments during closing argument were made in response to defense counsel's closing statements explaining why defendant was silent at the time of arrest. Defense counsel cannot provoke a reply to his own improper argument and subsequently claim error. (*People v. Stock* (1974), 56 Ill. 2d 461, 309 N.E.2d 19.) In the present case, however, defendant's post-arrest silence was brought to the jury's attention during the cross-examination of the witness Nelson by the prosecutor. The comments made by defense counsel during closing argument were only an attempt to explain the improper admission into evidence of defendant's post-arrest silence. In the present case, the essence of the State's rebuttal to the defense at trial hinges upon proof that the defense was recently fabricated. Therefore, introduction of evidence showing that following arrest defendant was silent as to his noninvolvement in the crime and offered no explanation is an error of such magnitude requiring reversal.

We shall comment briefly on other issues raised by defendant which may recur in a new trial. Defendant asserts as error the cross-examination of Nelson concerning his prior convictions and when he decided to testify on behalf of defendant.

■■ Where a party to be impeached is not the defendant, but a witness, it is within the discretion of the trial court as to whether to permit cross-examination of the witness regarding the details of his prior convictions. (*People v. Harland* (1976), 41 Ill. App. 3d 355, 354 N.E.2d 102.) In the present case, the prosecutor elicited only the date, crime, and his sentence from the witness, and the trial court did not abuse its discretion in permitting the limited cross-examination.

■■ Defendant's argument that the cross-examination of Nelson about his silence at the time of arrest was improper is without merit. The *Doyle* rationale relates only to defendant's post-arrest silence; defendant may not claim error where the prosecutor elicits testimony from a witness which establishes that the witness remained silent as to his own involvement. *People v. Moss* (1977), 54 Ill. App. 3d 769, 370 N.E.2d 89.

■■ Likewise, the admission into evidence of the loaded shotgun and sword found in the trunk of the auto was proper. Even though a particular weapon was not used by the accused during the commission of the crime, it may be the subject of testimony concerning the details of arrest and may be admitted into evidence. (*People v. Longstreet* (1974), 23 Ill. App. 3d 874, 320 N.E.2d 529.) Such was the case here.

Finally, the trial court erred in refusing to give a defense instruction to the jury regarding prior inconsistent statements. At trial Storck testified that after the second man entered the store Storck heard a movement and saw defendant approach with a gun. Storck also testified that at the preliminary hearing he stated he did not see what defendant did after Storck directed him to the paint.

■■ In this case, the testimony of Storck as given at trial appears to be inconsistent with his testimony at the preliminary hearing. Thus the instruction on prior inconsistent statements should have been given. Since the matter must be retried, the instruction should be given. See *People v. Mitchell* (1975), 27 Ill. App. 3d 117, 327 N.E.2d 158.

For the reasons stated, the judgment of conviction of the circuit court of Cook County is reversed and the cause is remanded for a new trial consistent with the holdings of this opinion.

Reversed and remanded.

JIGANTI, P. J., and McGILLICUDDY, J., concur.