THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL HAGEN, Defendant-Appellant.

First District (3rd Division)    No. 76-1661

Opinion filed August 23, 1978.

Santo J. Volpe, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ellen Dienes, and Alan D. Lyons, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The defendant, Daniel Hagen, was charged with burglary. A jury found him guilty of that crime and the court sentenced him to four to 12 years. Defendant contends on appeal that there was a fatal variance between the indictment and the proof adduced; that certain physical evidence was improperly introduced into evidence; that improper evidence of other crimes was admitted into evidence; and that the trial court erred in denying defendant's motion to quash the arrest and to suppress evidence.

On February 2, 1976, at about 7 p.m. Officer Donald Shetler of the Lincolnwood Police Department was informed by radio that a burglary was in progress at 7050 Keystone in that village. The officer proceeded to the area in his squad car and, in front of 7108 Karlov, he saw a parked Oldsmobile Cutlass with license plates he knew were registered to defendant. Shetler remembered the license number from a department roll call conducted several weeks earlier. The officer also remembered that the license number was registered for a 1975 Lincoln. Shetler kept watch on the vehicle and saw defendant, carrying a white bag, enter the vehicle. Defendant had come from between two residences on Karlov. Shetler followed defendant's automobile and two blocks later, after defendant had exceeded the speed limit and had made an improper turn, Shetler turned on his police lights and siren. After a chase which reached a speed of 90 mph and resulted in damage to one parked vehicle, defendant was apprehended in a dead end street by Shetler. During the chase, in the 7400 block of Kildare, the officer saw a white bag thrown from the driver's side of defendant's automobile. Shetler had defendant's vehicle in sight throughout the chase and defendant was the sole occupant. Shetler informed Officer Sbarbaro about the white bag, and Sbarbaro went to the 7400 block of Kildare. There, he found on the street a white bag containing a loaded revolver and various jewelry. Sbarbaro brought the bag and its contents, along with some jewelry scattered nearby, to the police station.

A search of defendant revealed a five-inch spring knife and $1,600 in cash. Shetler found a small tool kit and a screwdriver in defendant's vehicle; he also observed a police radio in the automobile.

Margaret Dolin and her son Jordan testified that when they arrived home on the evening in question they heard noises in the house. As they proceeded to a neighbor's home to call the police, they hailed Officer Sbarbaro driving by in a squad car. The officer then went through the house. The bedroom was in disarray and the window was broken. Mrs. Dolin testified that on the evening in question she went to the police station and identified the pillowcase and jewelry which had been taken earlier. She also identified the pillowcase and jewelry at trial.

A pair of shoes worn by defendant was taken from him after the arrest. Officer John Janacek testified that these shoes matched prints in the snow leading from the burglarized premises into an alley and through a yard to Karlov.

Defendant initially contends that there was a fatal variance between the indictment and the proof adduced at trial. He argues that the indictment charged him with burglarizing the dwelling of David Dolin, but that at trial the State did not prove David Dolin owned or was in possession of the burglarized home.

■■ Formerly it was held that both the allegation and proof of possession or ownership of the burglarized premises was an essential element of the State's case in a prosecution for burglary. (*People v. Johnson* (1960), 20 Ill. 2d 336, 169 N.E.2d 776.) In *People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E.2d 483, the court upheld an indictment for burglary which lacked any allegation of either possession or ownership of the burglarized property, but instead merely set forth its name and address. The court held that the indictment was sufficient both to enable the defendant to prepare his defense and to protect the defendant from being subsequently prosecuted for the same crime. And in *People v. Flowers* (1977), 52 Ill. App. 3d 301, 367 N.E.2d 453, the court in a holding which is dispositive of the issue in the present case upheld a conviction for burglary where the State failed to prove ownership or possession of a service station. In *Flowers*, using language appropriate to the present case, the court stated at page 304:

> "Although the court's opinion in *Gregory* dealt with the sufficiency of criminal pleadings, rather than of proof, we believe that it has equal application to the instant case. It is therefore unnecessary for the State to prove the identity of the owner or possessor of the burglarized premises, provided the proof otherwise establishes that the entry was unauthorized, and the pleadings and proof are sufficiently specific to enable the defendant to present a defense, if he has one, and to protect the defendant from a second prosecution for the same offense."

In the present case, the State prior to trial listed David Dolin as one of its possible trial witnesses. Margaret and Jordan Dolin both testified at trial. The address given for all the Dolins was 7127 North Kedvale in Lincolnwood. Margaret Dolin testified that she did not give defendant permission to enter her home at that address. The proof established that defendant's entry was unauthorized and the pleadings and proof were sufficiently specific to allow defendant to present a defense and to protect him from double jeopardy.

Defendant also contends that certain physical evidence was improperly introduced into evidence. He maintains that the white pillowcase and its

jewelry contents were not adequately connected to him and that the chain of custody was not established.

■■ A foundation for the admission of an item into evidence may be made through its identification by a witness or through establishment of a chain of possession. It is unnecessary to require both identification of the object and establishment of a chain of possession. (*People v. Pagliara* (1977), 47 Ill. App. 3d 708, 365 N.E.2d 72.) At trial, Mrs. Dolin identified the pillowcase as the one which had been on her bed on the evening in question; she also identified the jewelry as hers. Officer Shetler testified that he saw defendant carry the items in question into his automobile and also observed him throw them out of the vehicle during the subsequent chase. Officer Sbarbaro identified the pillowcase as the one he had recovered on a nearby street. The pillowcase and the jewelry were adequately connected to defendant and were properly admitted into evidence by the trial court.

Defendant next contends that evidence indicating commission of other crimes was improperly introduced into evidence, thus prejudicing him and preventing him from getting a fair trial. Under this heading, he complains that the following testimony or evidence was introduced which connected him with other crimes: the knife and large amount of cash found on his person; the screwdriver, tool kit, and police radio found in defendant's automobile; the loaded revolver found in the pillowcase along with items from another burglary; references to a burglary committed on Keystone Avenue; and evidence that the police officer knew defendant's license plate number from a department roll call.

■■ Where testimony of other crimes has no value beyond the inference that because a man has committed other crimes he is more likely to have committed the current crime, that testimony is excluded. (*People v. Lehman* (1955), 5 Ill. 2d 337, 125 N.E.2d 506.) Nevertheless, evidence which constitutes a narrative concerning the crime and defendant's arrest may be admitted into evidence even though it suggests other criminal activity. (See *People v. Longstreet* (1974), 23 Ill. App. 3d 874, 320 N.E.2d 529.) And evidence which places defendant at or near a crime, or is probative of establishing his identity, motive, knowledge, scheme or design is admissible in evidence even though it may establish defendant's commission of other crimes or suggest that he has a criminal record. (*People v. Hubbard* (1972), 4 Ill. App. 3d 729, 281 N.E.2d 767.) Moreover, a defendant who invites or procures the admission of evidence cannot be heard to complain about it on appeal. *People v. DeSavieu* (1973), 11 Ill. App. 3d 529, 297 N.E.2d 336.

■■ In the present case, it was defendant who initially adduced the following testimony at trial: that Officer Shetler had reason to believe the owner of the vehicle he had under surveillance was involved in a burglary

on Keystone Avenue; that the owner of the license plates was wanted for some offense; testimony concerning the knife found on defendant's person; and the fact that the pillowcase contained items other than those taken in the subject burglary. Defendant cannot complain about the introduction of the foregoing testimony.

The screwdriver and police radio were merely introduced into evidence as items found upon arrest. They were not, as defendant urges, introduced to indicate or infer the commission of other crimes. Similarly, the possession of money by defendant, introduced without objection, did not suggest or infer other crimes.

■■ Officer Shetler's testimony regarding his recognition of defendant's license plates and his continued surveillance of defendant's vehicle was admissible as part of the sequence of events concerning this burglary and defendant's subsequent arrest. *People v. Hubbard.*

■■ Defendant also complains that the loaded revolver found in the pillowcase was improperly introduced into evidence. We initially note that the weapon was not admitted into evidence, but was exhibited to the jury. More importantly, a weapon not used in committing the crime in question may be the subject of testimony concerning the details of the arrest and also may be admitted into evidence. (*People v. Longstreet* (1974), 23 Ill. App. 3d 874, 320 N.E.2d 529.) The revolver found in the pillowcase was the proper subject of prosecution testimony. And if exhibiting the weapon could be considered error, it did not constitute prejudicial error.

Defendant finally contends that the trial court erred in denying the motion to quash the arrest and to suppress the evidence seized in the arrest.

■■ A peace officer may arrest a person when the facts and circumstances justify his believing that an offense has been committed and that the person arrested has committed the offense. (*People v. Robinson* (1976), 62 Ill. 2d 273, 342 N.E.2d 356.) In the present case, the police officer knew that a burglary was in progress in the immediate area. He observed a vehicle with license plates he recognized as belonging to a burglar. He knew the plates were registered for a different vehicle. The officer saw defendant carrying a white bag enter a vehicle. The officer then observed defendant commit two moving traffic violations. Thereafter, defendant drove in speeds up to 90 mph in attempts to evade the officer. The officer had reasonable grounds to arrest defendant.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON and McGILLICUDDY, JJ., concur.