THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JOHN A. WILLIAMS, Defendant-Appellee.

Third District    No. 81—575

Opinion filed July 30, 1982.

HEIPLE, J., specially concurring.

Gary L. Morris, Assistant Corporation Counsel, of Peoria, for the People.

No brief filed for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, John A. Williams, was arrested on March 13,

1981, and charged with driving on a suspended license. During the defendant's bench trial on August 17, 1981, the presiding judge, John Whitney, denied the State's motion to admit into evidence an exhibit offered to prove that the defendant's license was suspended on March 13, 1981. The trial judge incorrectly ruled that the prosecution had failed to show a chain of evidence in the handling of the certified documents presented by the State.

A notice of appeal was filed by the State on September 16, 1981. However, the trial judge's order certifying the question of the need for a chain of evidence to admit certain certified copies of the defendant's driving license into evidence was not entered until September 25, 1981. Because of the filing of the trial judge's order nine days after the notice of appeal was filed renders the September 16, 1981, notice of appeal a nullity, we will not entertain this appeal. There was no order from which to appeal at the time the notice of appeal was filed. Also, the State filed a notice of appeal rather than perfecting its appeal as an interlocutory appeal by seeking leave of this court, as required by Supreme Court Rule 308. 73 Ill. 2d R. 308.

Furthermore, the State cannot bring this appeal pursuant to Supreme Court Rule 604(a)(1). (73 Ill. 2d R. 604(a)(1).) Despite suggested language in the State's brief to the contrary, the erroneous ruling by Judge Whitney was clearly an evidentiary ruling and not a suppression order.

For the foregoing reasons, this appeal is dismissed.

Appeal dismissed.

STOUDER, J., concurs.

JUSTICE HEIPLE, specially concurring:

Although I agree with the dismissal of the People's appeal for the procedural reasons stated in the majority opinion, justice has again miscarried. As the majority pointed out, Judge Whitney erroneously ruled that the prosecution could not admit into evidence certified documents (i.e., the driving abstract of John A. Williams) from the Secretary of State, since the envelope had been opened by a clerk at the Peoria police department before it was received by the arresting officer. Since the arresting officer had received an envelope from the Secretary of State that had already been opened, Judge Whitney decided that the prosecution could not establish a chain of custody of the certified documents.

This documentary evidence was clearly necessary to establish the

fact that defendant Williams was driving on a suspended license. A conviction most certainly would have resulted if the certified documents had been admitted into evidence as is proper. Judge Whitney's ruling permitted an obviously guilty defendant to get off.

This is not the first, nor the second such occasion that justice has been miscarried by a grossly erroneous ruling by this judge. Earlier this year, in the case of *People v. White* (1982), 102 Ill. App. 3d 1206, in a nonpublished special concurring opinion, I had another occasion to point out a gross error of this same judge where he erroneously applied a chain of custody condition to defeat the People's case. It, too, involved a dismissal of the prosecution's appeal because the matter was procedurally nonappealable. It, too, resulted in a miscarriage of justice. A guilty man was acquitted because of an erroneous ruling by Judge Whitney.

That case also involved a prosecution for driving with a suspended license. It was a bench trial. During the prosecution's case, the prosecuting attorney offered a certified document from the Illinois Secretary of State which showed that the defendant's driver's license was suspended on the day in question.

The defense counsel in *White* offered the pettifogging objection that the police officer who was testifying did not know when the document had arrived at the police station, nor how it got there, nor if it arrived in an envelope sealed or otherwise, nor if it did arrive in an envelope, who extracted it from the envelope or initially received the envelope, or whether the envelope itself bore postage or purported to be sent by the Secretary of State, or what happened to the envelope after it was received. This is a chain of custody type objection which is wholly immaterial to the offer of a certified document. Regrettably, the judge swallowed it and sustained the objection to the admission of the document. Given that ruling, the prosecution's case was in total collapse and the defendant was accordingly acquitted.

In my special concurring opinion in *White*, I directed Judge Whitney's attention to Cleary's Handbook of Illinois Evidence, specifically section 901.2 dealing with chain of custody and section 902.2 dealing with certified copies of public records and the numerous cases therein cited. Cleary and Graham, Handbook of Illinois Evidence secs. 901.2, 902.2 (3rd ed. 1979).

The pattern continues.

In yet another case involving this same judge (*People v. Batchelder* (July 8, 1982), Docket No. 81—578) filed in July of this year, Judge Whitney erroneously sustained a Miranda-type objection which resulted in the acquittal of yet another traffic defendant, this one an

obviously drunken driver. As I noted in that opinion, all the king's horses and all the king's men could not put Humpty-Dumpty back together again. So it is with trials. Many errors which occur at the trial level are simply not reachable on appeal. A calculating defense attorney and a complaisant judge can converge to defeat the administration of justice; that such happened in the cases discussed above is obvious. I again point this out in the interest of justice.