THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
CHARLES R. Mc QUEEN, Defendant-Appellee.

Second District   No. 82—418

Opinion filed June 7, 1983.

834

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Peter J. Dockery and Robert A. Huiner, Assistant State's Attorneys, of counsel), for the People.

Thomas O. McCulloch, of Geneva, and Mark E. Kowalczyk, of Kowalczyk & Stogsdill, Ltd., of Glen Ellyn, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

An eight-count indictment charged Charles McQueen, defendant, with murder (Ill. Rev. Stat. 1981, ch. 38, pars. 9—1(a)(1), (2), (3)), attempt to commit murder (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(a)), aggravated battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—4(a), (b) (1)), armed violence (Ill. Rev. Stat. 1981, ch. 38, art. 33A), and armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2(a)) resulting from a shooting which left one person dead and another injured. Prior to trial, defendant filed a motion *in limine* requesting, *inter alia*, the court to prohibit the State's introduction of certain evidence found in defend-

ant's home and certain statements made by defendant because they were irrelevant. After a hearing, the Du Page County circuit court granted this motion with respect to guns, ammunition, two books, and a newspaper clipping found in defendant's home and defendant's false statement to police that he did not possess any weapons. The State filed a certificate of impairment and appeals from this pretrial evidentiary order pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)).

At the hearing on defendant's motion, the State represented that on the day of the offense, defendant telephoned the police which resulted in a meeting between the police and defendant. At that meeting, after being informed he was a suspect, defendant gave police an alibi and stated, among other things, that he had no firearms in his house. In a subsequent search of his house, firearms which ballistic experts said were unrelated to the shootings were found along with ammunition which was the same type and caliber as those recovered from the scene of the crime yet which also fit the firearms found in defendant's home. Defendant did not have a firearms ownership identification card (FOID). Police also found a book which concerned the subject of telling lies and creating alibis, a book about Son of Sam, and a newspaper clipping regarding the death penalty statute. At this hearing, the State told the court, to allay defendant's contention that the evidence regarding the firearms would be evidence of other crimes, that it would not tell the jury that defendant did not have a FOID card. At the close of the hearing, the court prohibited the State from introducing the firearms or ammunition, finding that they were unrelated to the charged offense, as well as defendant's false statements, the two books, and the newspaper clipping.

On appeal, the State argues that defendant's false statement regarding the firearms was relevant in showing defendant's consciousness of guilt and thus admissible, and that the firearms and ammunition were admissible because they were found in defendant's possession and were suitable for the commission of the crimes. The State does not set forth any argument concerning the books or newspaper clipping. Defendant responds by first requesting this court to reconsider its order of September 8, 1982, which found the State's appeal cognizable under Supreme Court Rule 604(a) (87 Ill. 2d R. 604(a)).

Supreme Court Rule 604(a)(1) governs the State's right to appeal interlocutory orders and provides that:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismiss-

ing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." 87 Ill. 2d R. 604(a)(1).

Pursuant to this rule, the State may appeal a pretrial suppression order whenever it certifies to the trial court that the order substantially impairs the State's ability to prosecute the case. (*People v. Young* (1980), 82 Ill. 2d 234, 247.) The pretrial suppression order need not be premised on evidence illegally obtained; rather, it may concern evidentiary rulings regarding hearsay and relevancy. (See *People v. Phipps* (1980), 83 Ill. 2d 87; *People v. Young* (1980), 82 Ill. 2d 234.) Different rules apply where the State seeks to appeal an interlocutory order which resulted from a motion presented once the trial had already commenced. (See *People v. Johnson* (1983), 113 Ill. App. 3d 367, 447 N.E.2d 502.) Since the substantive effect rather than the form of the trial court's order determines whether it is a suppression order (*People v. Phipps* (1980), 83 Ill. 2d 87, 90-91), this court did not err in its September 8, 1982, order finding the State's appeal cognizable under Supreme Court Rule 604(a) because the effect of the trial court's order was to prohibit the introduction of certain evidence. See *People v. Wallace* (1982), 106 Ill. App. 3d 567, 435 N.E.2d 960; *People v. Kite* (1981), 97 Ill. App. 817, 423 N.E.2d 524.

The cases cited by defendant, *People v. Williams* (1982), 108 Ill. App. 3d 219, 438 N.E.2d 1311, and *People v. Macaluso* (1976), 36 Ill. App. 3d 592, 344 N.E.2d 476, concern State appeals from midtrial evidentiary rulings and are thus inapposite.

Prior to analyzing the merits of the State's appeal, defendant's contention that this court may only review the trial court's authority to entertain defendant's motion *in limine*, and not the merits of the court order, must be discussed. Defendant misplaces reliance for this proposition on *People v. Flatt* (1980), 82 Ill. 2d 250, because the supreme court in *Flatt* addressed a "suppression order" entered after the trial had commenced. The court held that once trial has begun, the State may appeal and challenge only (1) orders suppressing evidence entered pursuant to the provisions of section 114—12(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—12(c)) or (2) the authority of the trial court to entertain a motion not authorized pursuant to the provision of section 114—12(c). (82 Ill. 2d 250, 264; see also *People v. Johnson* (1983), 113 Ill. App. 3d 367, 447 N.E.2d 502 (includes within appealable midtrial orders those which deny admittance of evidence because of a statutory prohibition

or the violation of a court rule or some other ground besides recognized rules concerning the admission of evidence).) In the latter circumstances, the appellate court would only be able to review the trial court's authority to entertain the motion and not the merits of the motion and order. Since the order in the instant case was a pretrial order, *Flatt* does not apply; rather, *People v. Young* (1980), 82 Ill. 2d 234, previously discussed, which does not limit the appellate court's scope of review, applies.

## *Defendant's False Statement*

■ The State argues that it did not seek to introduce defendant's false statement denying possession of firearms to prove the truth of that statement. Rather, according to the State, defendant's false statement evinces defendant's consciousness of guilt.

A defendant's false exculpatory statement may be admissible to establish the defendant's consciousness of guilt. (See *People v. Watson* (1982), 103 Ill. App. 3d 992, 431 N.E.2d 1350; *People v. Puente* (1981), 98 Ill. App. 3d 936, 424 N.E.2d 775; *People v. Mitchell* (1975), 35 Ill. App. 3d 151, 341 N.E.2d 153; *People v. Wilson* (1972), 8 Ill. App. 3d 1075, 291 N.E.2d 270.) The present issue requires a determination of whether defendant's false statement was "exculpatory" and thus admissible to show his consciousness of guilt.

■ Although the State did not articulate its rationale for contending that defendant's false statement was admissible as evidence of defendant's consciousness of guilt, it appears that defendant's false statement evinces such a consciousness of guilt. After being made aware that he was a suspect in the shooting of two people, defendant stated that he did not possess any firearms. The subsequent discovery of firearms in defendant's residence leads to the inference that he lied about his possession of firearms to dispel suspicion concerning his culpability in the shooting. Viewed in this light, defendant's false statement is relevant to the issue of his guilt.

While the determination of whether evidence is admissible with regard to relevancy is within the discretion of the trial court, whose decision will not be reversed if the record indicates a sufficient basis for the decision and if the court did not abuse its discretion (*People v. Gibson* (1982), 109 Ill. App. 3d 316, 325, 440 N.E.2d 339, 344; *People v. Jones* (1982), 108 Ill. App. 3d 880, 884, 439 N.E.2d 1011, 1015; *People v. Miller* (1981), 98 Ill. App. 3d 453, 458, 424 N.E.2d 624, 628), the trial court in the instant case abused its discretion. The trial court explained that defendant's false statement should not be admitted because defendant may have lied because he did not possess a

FOID card. While it is true that defendant may have lied to cover up his lack of a FOID card, that does not make the evidence irrelevant. Rather, defendant could explain to the fact finder the reason why he lied so as to mitigate any harm. The fact finder would assess this testimony in determining defendant's guilt or innocence. Thus, since a defendant's false exculpatory statement is admissible even if it discloses that he committed another crime (see *People v. Mitchell* (1975), 35 Ill. App. 3d 151, 341 N.E.2d 153), the trial court erred in prohibiting the introduction of defendant's false statement and the firearms.

Further, the State argues that the firearms and ammunition are admissible in evidence because (1) they show the falsity of defendant's denial of possessing firearms and were in defendant's possession and (2) were suitable for the commission of the charged offense. The State's first argument has been previously considered and warrants acceptance. With respect to its second argument, the question of the admissibility of the firearms must be analyzed separately from the admissibility of the ammunition.

*Firearms*

■■■ Generally, a weapon found in a defendant's possession when arrested may be admitted only where the weapon bears a connection with the charged offense. (*People v. Brown* (1981), 100 Ill. App. 3d 57, 69, 426 N.E.2d 575, 582; see *People v. Ostrand* (1966), 35 Ill. 2d 520; *People v. Jones* (1963), 29 Ill. 2d 306.) Often this connection exists where the weapon is "suitable" for the charged offense although no direct evidence links the weapon with the offense. (See *People v. Magby* (1967), 37 Ill. 2d 197; *People v. Johnson* (1966), 35 Ill. 2d 516; *People v. Goodman* (1982), 109 Ill. App. 3d 203, 440 N.E.2d 345; *People v. Kincy* (1982), 106 Ill. App. 3d 250, 435 N.E.2d 831; *People v. Pointer* (1981), 93 Ill. App. 3d 1064, 418 N.E.2d 1; *People v. Braxton* (1980), 81 Ill. App. 3d 808, 401 N.E.2d 1062; *People v. Smith* (1974), 18 Ill. App. 3d 859, 310 N.E.2d 734.) Thus, where a witness testifies that the defendant used a weapon and the defendant possessed a similar weapon when arrested, that weapon may be introduced as evidence although the witness cannot identify it as the one the defendant used to commit the offense. In effect, the court allows the jury to infer from the defendant's possession of a suitable weapon that the weapon was the one used to commit the offense. (See *e.g., People v. Kincy* (1982), 106 Ill. App. 3d 250, 435 N.E.2d 831 (victim stabbed with an instrument and testimony indicated that a knife similar in size to defendant's knife would be suitable for inflicting the injuries permits admission of the knife); see *People v. Williams* (1981), 96 Ill.

App. 3d 8, 420 N.E.2d 710; *People v. De La Fuente* (1981), 92 Ill. App. 3d 525, 414 N.E.2d 1355; *People v. McClinton* (1978), 59 Ill. App. 3d 168, 375 N.E.2d 1342.) Although courts in certain cases have said that the mere fact that a defendant possessed a weapon when arrested permits its introduction as evidence of the details of the arrest, these cases usually concern offenses requiring a weapon (see *People v. Upshire* (1978), 62 Ill. App. 3d 248, 379 N.E.2d 38 (armed robbery); *People v. Longstreet* (1974), 23 Ill. App. 3d 874, 320 N.E.2d 529 (armed robbery)) or cases where the weapon is relevant to the charge (see *People v. Hagen* (1978), 63 Ill. App. 3d 944, 380 N.E.2d 954 (loaded revolver recovered in police chase of the defendant from burglarized house admitted in burglary charge where it is probative of the defendant's intent)). Regardless, however, of the rationale for these cases, since defendant did not have the firearms in his possession when arrested, the household firearms could not be admitted as evidence of the details of his arrest.

■■ ■ In the instant case, the State concedes that expert ballistic tests showed that the firearms found in defendant's possession were not used to fire the shots at the two victims. Where direct evidence shows that the weapon found in a defendant's possession was not used in the commission of the offense, normally, it may not be admitted into evidence. (*People v. Wade* (1977), 51 Ill. App. 3d 721, 729, 366 N.E.2d 528, 534.) *Wade* presents a fact pattern similar to the present one: the State conceded that ballistic tests showed that the gun sought to be introduced at trial was not the weapon used to commit the offense. Although *People v. LeBron* (1980), 83 Ill. App. 3d 598, 404 N.E.2d 540, may appear to have reached a contrary result, the appellate court there apparently based its affirmance of the trial court's admission of a weapon shown not to be the one used to commit the offense because such an introduction was not sufficiently prejudicial. At trial, the actual murder weapon also had been introduced. Furthermore, the defendant, a security guard, was authorized to possess this other gun when arrested. These two factors militated against any prejudicial inference that the weapon found in defendant's possession showed that he was of bad character, had the propensity to commit the offense or that the gun itself was the one used to commit the offense. Since the firearms sought to be admitted by the State in the instant case are not the ones used to commit the crime, the trial court did not err in prohibiting the State from introducing them when it found that their resulting prejudicial effect would outweigh their probative value, if any. See also *People v. Evans* (1982), 104 Ill. App. 3d 598, 432 N.E.2d 1285.

### Ammunition

■ The trial court's order regarding the ammunition deserves separate treatment because some of the ammunition found in defendant's possession was the same caliber as the shells found at the scene of the crime and thus have probative value. The trial court held that unless the State could tie the ammunition found in defendant's possession with the offense charged through the use of expert testimony, the ammunition could not be admitted. In so doing, the trial court abused its discretion because circumstantial evidence suffices to connect physical evidence with the offense charged. See *People v. Cartalino* (1982), 111 Ill. App. 3d 578, 444 N.E.2d 662.

Evidence may be admitted at trial which fairly tends to prove the offense charged and circumstances may be put into evidence which tend to make the proposition at issue more or less probable. (*People v. Miller* (1981), 98 Ill. App. 3d 453, 458, 424 N.E.2d 624, 628; *People v. Perry* (1980), 81 Ill. App. 3d 422, 429, 401 N.E.2d 1263, 1269, *cert. denied* (1981), 451 U.S. 983, 68 L. Ed. 2d 839, 101 S. Ct. 2313.) Physical items may be admitted into evidence only where they are connected to the defendant and the charged offense. (*People v. Free* (1983), 94 Ill. 2d 378, 415; *People v. Larson* (1980), 82 Ill. App. 3d 129, 140, 402 N.E.2d 732, 741; *People v. Fletcher* (1978), 66 Ill. App. 3d 502, 514, 383 N.E.2d 1285, 1295.) The proof of the connection may be by direct or circumstantial evidence. (*People v. Miller* (1981), 98 Ill. App. 3d 453, 458, 424 N.E.2d 624, 628; *People v. Fletcher* (1978), 66 Ill. App. 3d 502, 515, 383 N.E.2d 1285, 1295.) Whether physical evidence is relevant lies within the discretion of the trial court and its decision will be affirmed absent an abuse of discretion. *People v. Miller* (1981), 98 Ill. App. 3d 453, 458, 424 N.E.2d 624, 628.

■ Here the trial court may have confused the issue of whether the ammunition was admissible with the strength of its probative value. (See *People v. Free* (1983), 94 Ill. 2d 378, 416-17.) Although a jury may find that defendant's possession of ammunition of the same caliber as that used to commit the charged offense has little probative weight in determining defendant's guilt, that does not affect the admissibility of the ammunition. Its commonality with that found at the scene of the crime suffices to establish its probative value. For example, in *People v. Murphy* (1972), 3 Ill. App. 3d 345, 277 N.E.2d 721, the court held that ammunition taken from the defendant's possession was relevant in connecting that defendant to a gun which the ammunition fit found in a car. (3 Ill. App. 3d 345, 350, 277 N.E.2d 721, 724-25; see also *People v. Miller* (1981), 98 Ill. App. 3d 453, 424 N.E.2d 839.) In *People v. Cartalino* (1982), 111 Ill. App. 3d 578, 444 N.E.2d

662, the defendant objected to the introduction of ammunition found in his codefendant's pocket when arrested three days after the incident for which he was charged. The appellate court found that the ammunition was properly admitted into evidence because the weapon in the case could fire the bullet recovered in the victim's apartment and the ammunition found in the defendant's codefendant's pocket. 111 Ill. App. 3d 578, 586-87, 442 N.E.2d 662, 670.

■■■ In the instant case, since defendant possessed ammunition of the same caliber as that recovered from the scene of the crime, it links defendant to the crime. (*Cf. People v. Smith* (1952), 413 Ill. 218 (error to let the State cross-examine the defendant about ammunition found in his car where another weapon, apparently of a different caliber, had been determined to be the weapon used in the offense).) The jury has the duty to assess this evidence, determine its probative weight, and draw reasonable inferences from it. Therefore, the trial court erred in granting the motion to suppress the introduction of the ammunition into evidence.

In sum, the trial court properly granted defendant's motion to suppress the books and newspapers found in defendant's home. While the trial court properly ruled the firearms, which could not have been used to commit the crimes were therefore inadmissible, their relationship to defendant's false statement renders them admissible to establish the false statement. The ammunition compatible with that found at the scene of the crime was erroneously suppressed.

The order of the circuit court of Du Page County is affirmed in part, reversed in part and remanded.

Affirmed in part, reversed in part and remanded.

SEIDENFELD, P.J., and NASH, J., concur.