THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE YELLIOTT, Defendant-Appellant.
Fourth District No. 4—86—0307

Opinion filed June 2, 1987.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

On December 16, 1984, at approximately 11 p.m., two masked men armed with a handgun entered the Coachman Motel in Bloomington, Illinois, and committed the offense of armed robbery by obtaining money from the cash register and certain property from Sylvester Campbell, who was working at the counter of the motel.

The defendant, George Yelliott, was indicted for the offense of armed robbery. During the ensuing trial, Mr. Campbell was unable to identify either of the men involved or the gun used in commission of the offense. A number of witnesses testified. Several witnesses were convicted felons whose testimony was conflicting and suspect. During the course of the trial, a handgun discovered some weeks after the crime and discovered in a dresser drawer located in an apartment of Mike Edwards was admitted into evidence and during closing argument the prosecutor represented that the handgun had been "procured" and "used" by the defendant in the robbery.

After deliberating over 10 hours, the jury found the defendant guilty of armed robbery and the circuit court of McLean County sentenced him to a term of 10 years' imprisonment.

The defendant contends that he was denied a fair trial because the trial court admitted into evidence a handgun which had no connection with either him or the crime and that it was error to permit the prosecutor to misstate the evidence that the gun had been procured by him (defendant) and used in the crime.

We agree. The record discloses that, over objection by the defense, the State was allowed to elicit evidence that the gun was taken from a dresser drawer in a bedroom under the control of Mike Edwards. There was no evidence that the defendant had been in the bedroom or that he associated with Edwards. The closest association that

the defendant had with Edwards is that one witness testified that a group of people including the defendant was in Edwards' apartment on the evening of the crime having a few drinks. There was no evidence even indicating that the gun had been removed from the dresser drawer. There was no evidence that defendant had been observed with the gun or that it was the same weapon used in the robbery. In fact, John Turner, testifying for the defense, stated that he had pled guilty to the Coachman Motel robbery and was currently serving an eight-year sentence. He further testified that defendant wasn't with him in the commission of the crime and that the gun in question was not the one used.

■■ A gun must be sufficiently connected with a crime to be relevant evidence. Our supreme court has stated:

> "We have found no case upholding the admission into evidence of weapons not proved to be in the possession or under the control of the defendant." *People v. Smith* (1952), 413 Ill. 218, 221, 108 N.E.2d 596, 598.

The cases of *People v. Wade* (1977), 51 Ill. App. 3d 721, 366 N.E.2d 528, and *People v. Suerth* (1981), 97 Ill. App. 3d 1005, 423 N.E.2d 1185, also support the proposition that a gun must be sufficiently connected with the crime to be relevant evidence. In the instant case there is no evidence to support a finding that the gun was ever in possession of the defendant. As to the gun's relationship with the crime, there is uncontradicted evidence that it was not the weapon used.

The inadmissible evidence, "the gun," was used by the prosecutor in closing argument when he stated:

> "What happened on the 16th was that there was a get-together at several places Sunday afternoon watching football up on Roosevelt Street, then down to Mike Edwards' place. Same place, interestingly enough, a gun will be found later on the investigation; down at Edwards' place.
>
> * * *
>
> And I submit that we have shown that there is access to the gun that's here in evidence by the defendant at the Edwards'. That gun was procured and that gun was used by Mr. Turner and Mr. Yelliott in an armed robbery * * *."

■■ ■ It is well established that a fact not based upon evidence in the case may not be properly argued to the jury. (*People v. Beier* (1963), 29 Ill. 2d 511, 194 N.E.2d 280.) The prosecutor's remarks in the instant case were not supported by the evidence and served only to arouse the jury and prejudice the defendant's position.

For the reasons set forth the judgment of conviction of the defendant by the circuit court of McLean County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

HEIPLE and STOUDER, JJ., concur.