THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. IRA LEE III, Defendant-Appellant.

Fourth District   No. 4—92—0661

Opinion filed March 18, 1993.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Following a jury trial defendant Ira Lee, III, was convicted of armed robbery, a Class X felony (Ill. Rev. Stat. 1991, ch. 38, par. 18–2), and sentenced to 20 years' imprisonment. Defendant appeals, alleging the trial court improperly admitted a sawed-off shotgun not shown to have any connection with him. We affirm.

The evidence at trial established that on March 28, 1992, at about 11:40 p.m., a man and a woman robbed a Decatur Super Gas Station using a sawed-off shotgun. Neither wore a mask, and Mary Abreu, the clerk who was robbed at Super Gas, was able to observe their faces. After the robbery Abreu immediately called the police and reported the crime. She testified the robbers took about $60 in small

bills. Police officer James Dellert was in the area when the crime occurred and he stopped a car approximately 20 minutes later which matched the description given by Abreu. The car was driven by Joe Gipson. Abreu identified the passengers in the backseat, defendant and Marilyn Smith, as the two individuals who robbed the station. Abreu testified that defendant had been a regular customer of the station. The police searched Smith, finding nine one-dollar bills in her purse and $40 in small bills in the heel of her shoe. The police then searched Gipson's apartment and found a coat and jeans that matched a description given by Abreu of those worn by defendant when he robbed the gas station. The next day the police returned to Gipson's apartment to conduct another search. The police searched an unlocked storage room near Gipson's first-floor apartment and found a sawed-off shotgun hidden under a carpet.

At trial Abreu testified that during the robbery defendant dropped the sawed-off shotgun on the counter when he unzipped his coat. Abreu identified the sawed-off shotgun found in Gipson's apartment building as the gun used in the robbery. Investigator Dennis Harris testified about finding the gun in the unlocked storage room at Gipson's apartment building. The gun was admitted into evidence over defendant's objection. Defendant testified he had no involvement in the crime charged.

During closing argument the prosecutor pointed the sawed-off shotgun at the jury to show how the robbery was committed. Defendant objected, but his objection was overruled.

■ It may be reversible error to admit into evidence a weapon that was not used in the charged crime. (See *People v. Wade* (1977), 51 Ill. App. 3d 721, 729, 366 N.E.2d 528, 534; *People v. Yelliott* (1987), 156 Ill. App. 3d 601, 603, 509 N.E.2d 111, 113.) The general rule is that weapons are admissible if there is some proof to connect them with the defendant and the crime. (*People v. Fierer* (1988), 124 Ill. 2d 176, 194, 529 N.E.2d 972, 979.) Not every weapon connected with defendant is admissible, but every weapon sufficiently connected with the crime is admissible. In some cases, such as this one where defendant was positively identified as the perpetrator and the weapon was identified as the one used, proof connecting the weapon with the crime may also be sufficient to connect defendant with the weapon. Another example would be where a weapon is dropped at the scene of the crime; that weapon would be admissible even if there were no other evidence to connect it to defendant. In contrast, a weapon clearly connected to defendant (*e.g.*, found later on defendant's per-

son) would not be admissible if there were no evidence to connect it with the crime.

■ Even if there were a question on whether Abreu could positively identify the weapon admitted as the one used in the crime here, it is not necessary for the State to prove a weapon was the one actually used. When there is evidence the perpetrator possessed a weapon at the time of the offense, a similar weapon which the evidence somehow connects to the defendant may be admitted into evidence even though not identified as the weapon used. (*People v. Givens* (1985), 135 Ill. App. 3d 810, 819, 482 N.E.2d 211, 218; *Fierer*, 124 Ill. 2d at 194, 529 N.E.2d at 979; see M. Graham, Cleary & Graham's Handbook of Illinois Evidence §401.4, at 135 (5th ed. 1990).) It is only necessary that the weapon be suitable for commission of the crime, not that it be positively shown to have been used in committing the crime. (*People v. Free* (1983), 94 Ill. 2d 378, 415-16, 447 N.E.2d 218, 236.) A doubt whether the weapon was connected to the crime or to the defendant does not prevent the weapon's admission, so long as a reasonable jury could find a connection. See *Free*, 94 Ill. 2d at 416, 447 N.E.2d at 236; *People v. McQueen* (1983), 115 Ill. App. 3d 833, 840, 450 N.E.2d 921, 927; *Givens*, 135 Ill. App. 3d at 819, 482 N.E.2d at 217.

■ Defendant argues the shotgun was not at all connected with him, and connected only remotely, if at all, with Gipson. Defendant was in Gipson's car shortly after the robbery, and clothes matching the description of those worn by defendant during the crime were found in Gipson's apartment. Unlike *Wade* and *Yelliott*, there was no evidence in this case to rule out the gun found in the unlocked closet as the gun used in the crime. Defendant relies on *People v. Suerth* (1981), 97 Ill. App. 3d 1005, 1013, 423 N.E.2d 1185, 1193, but that case held it to be error to attempt to exhibit a shotgun to the jury when it was clear the victim was killed with a .44 caliber pistol. Here the gun found in the closet was suitable for commission of the crime. Although the weapon was not found in defendant's possession, a sufficient nexus was shown between defendant and Gipson to allow into evidence a weapon found in Gipson's apartment building. (See *People v. Ramsey* (1986), 147 Ill. App. 3d 1084, 1091, 496 N.E.2d 1054, 1059.) The trial court properly admitted the sawed-off shotgun and testimony regarding the shotgun.

■ It was not error for the prosecutor to discuss the gun in closing argument. However, the trial court erred in allowing the prosecutor to take the weapon, cock it, and point it at the jury. Pointing weapons at individuals, even weapons thought to be unloaded, is con-

trary to commonly known rules of gun safety and to common sense. Jurors should not be forced to endure such conduct. Jury duty is often demanding, but jurors do not consent to be abused by counsel when they take their oaths. The prosecutor's insensitive assault on these jurors, who had no avenue of escape, defense, or even complaint, warrants the most severe criticism. In a given case, not this one, such conduct might deprive defendant of a fair trial. The trial court must be alert to such abuses and be prepared to protect the jurors in its charge.

Accordingly, we affirm the judgment of the circuit court of Macon County.

STEIGMANN, P.J., and KNECHT, J., concur.